Trotter agt. Latson.

## SUPREME COURT.

### TROTTER agt. LATSON.

A party to the action can not be compelled by service of a *subpœna duces tecum*, issued *ex-parte*, without any order of the court or a judge, to produce his books and papers on the trial.

*New York Special Term, November* 1852. This was, in effect, a motion to commit the defendant for not bringing his books and papers before a referee, in compliance with a common *subpœna duces tecum*, issued without any order of a judge, previously obtained for the purpose.

ROOSEVELT, Justice.—As the law now stands, a *party* may be compelled to *testify* as a witness, " in the same manner and sub-

ject to the same rules of examination as any other witness." (*Code*, § 390).

Does this language necessarily import an obligation not merely to answer orally, but to bring with him and exhibit his books and papers?

A liberal construction, such a construction as is generally applicable to the provisions of the Code, might, and under ordinary circumstances probably would, justify such a conclusion, if necessary to prevent a failure of justice.

Here, however, no such failure would result. Section 388 provides that the court, or a justice thereof, may, *in their discretion*, and upon *due notice*, order either party to give to the other an inspection and copy, or permission to take a copy of any books, papers and documents in his possession, or under his control, containing evidence relating to the merits of the action or the defence.

The special case, therefore, is specially provided for. It is not left to doubtful inference from general expressions. And from the guarded language of the section it is obvious that the books and papers of a party, however private and confidential, were not to be invaded by strangers as a *matter of course*. Due notice is first to be given to him. The facts and circumstances, on which the claim to the discovery is founded, must be stated in writing, and verified by affidavit (*Rule 9*). And the necessity of the discovery must also be certified by counsel and sworn to by his client. Counter statements may be made, and both parties must be heard, or have an opportunity of being heard by the judge, on the whole matter. And even then, the order is not a matter of course. The judge has a *discretion*, and in proper cases should exercise it, to deny the application.

This power, it should also be observed, is not given to any clerk or ministerial officer, or even to a referee, but to "the court or a judge or justice thereof."

My conclusion is, that the defendant was not bound, on a subpoena, issued ex parte and without a previous order to produce his books before the referee, and that he has, therefore, committed no contempt of court in refusing to do so.

Motion for attachment denied without costs.