## WILLIAM SMITH *v.* BETHUEL DODD and another.

In an action wherein the plaintiff, as a ground upon which he demands judgment, avers the failure of the defendants to make advances as required by an agreement between the parties, and also claims that by reason thereof he has been required to make and has made numerous advances, and, on the other hand, the defendants, in their answer, aver that they have made all the advances which they were bound to make; a reference is proper to take the account of the advances respectively made.

Such a reference may be ordered before the other issues are submitted to a jury for trial.

*It seems,* that in an action in which a reference may lawfully be made, the decision of a judge at special term that a reference is proper, rests so far in his discretion, that it is not appealable.

THE complaint in this action set forth a written special agreement between the plaintiff and the defendants, which commenced by reciting, that the defendants were the owners of two power looms, with fixtures, for manufacturing elastic and other webbing, the value of which remained to be ascertained. The agreement then provided, that for the purpose of establishing a fair test of such value, the defendants, upon the plaintiff removing the machinery to Newark, New Jersey, should furnish him with room and steam power, and should advance the amount necessary to purchase materials to be manufactured by all the parties jointly, and that if the articles produced should answer the purpose for which they were designed, the defendants would enter into a partnership with the plaintiff upon specified terms. The agreement contained a guaranty by the plaintiff that the goods manufactured during the experimental trial, should realize a profit of twenty five per cent., and should equal importations of similar fabrics. The defendants were guaranteed by the plaintiff against loss in their advances; and as security therefor, in case the project proved unsuccessful, it was stipulated that they might hold the looms and fixtures. The plaintiff alleged a full performance on his part, and that the articles produced were of the quality, and were manufac-

Smith *v.* Dodd.

tured at the profit, designated. That he had laid out and advanced $350, for account of the defendants, toward purchasing the necessary stock and for other purposes connected with the business. That the defendants violated their agreement—failed to make the necessary advances as agreed by them—and refused to form a partnership. That they entered upon the premises, excluded the plaintiff, and prevented as full a trial as otherwise would have been made. The complaint concluded by claiming damages in $5,000.

The answer, after putting in issue all the allegations of the complaint except the execution and terms of the agreement, alleged, that the machinery was removed to Newark at the defendants' expense; that they furnished room and power for the projected manufacturing business—pursued all the provisions of the contract on their part—advanced the requisite money to purchase the required stock and to establish and carry on the business, and used every effort to promote its success, but that it failed through the incompetency of the plaintiff and through his inability to produce goods of the quality and suited to the purposes mentioned in the contract. The defendants further averred, that in accordance with and beyond the terms of the contract, they made large advances for account of the business, and they claimed the right, under the agreement, to be reimbursed by the plaintiff.

The reply, after admitting that the defendants furnished room and power temporarily, averred that they did so for an insufficient period, and that the agreement had not been fully complied with in that respect. It then proceeded to controvert the allegations of the answer above referred to, and denied, particularly, that the defendants had made advances either beyond or equal to the requirements of the contract.

The cause being at issue upon the pleadings, and being called from the calendar for trial, the presiding judge, after hearing counsel for both the plaintiff and the defendants, decided that a special reference for the taking of an account of all payments and advances made by the respective parties, was proper. Upon this decision, an order was entered, directing such special

reference, and reserving the other issues in the cause for trial by a jury upon the coming in of the report.

The case now came up on the plaintiff's appeal from the order in question.

*Peter Y. Cutler*, for the plaintiff, made and argued the following points:

I. As well might an order be made to refer in any action of trespass or trover as in this case. The complaint is for expelling the plaintiff from a shop in which he was experimenting before he had taken time enough to complete his experiments. As incidental to the principal ground of complaint for the expulsion, and the taking and detention of the machinery by the defendants, the plaintiff avers that the defendants did not furnish adequate means to enable him to make the experiments contemplated by the agreement, but this does not render the taking of an account necessary at all for any purpose. It is not a question of account or value, but of quantity and quality, or sufficiency. The 271st section of the Code never contemplated a reference except where the taking of a long account is required, is necessary, to the termination of an action. The most superficial examinations of the pleadings in this action will disclose the fact, that no account is necessary, no sum upon an account is to be recovered; but the inquiry into the quantity and quality of the goods furnished the plaintiff to experiment with, and their sufficiency for that purpose, will be requisite; but no inquiry as to the value of those goods is necessary.

II. The entire form of this action, its scope and object are at war with the idea of a settlement of accounts. The plaintiff, a man of genius, but unable by his poverty to procure the means to develop it, makes an arrangement with the defendants, by which they are to furnish him the means to make experiments, and then he is to experiment. He avers that they did not furnish the means, but turned him out of his factory, and forcibly excluded him from it (they retaining the machinery)

Smith *v.* Dodd.

before he had an opportunity to make his experiments, and he claims to recover damages for expulsion. This the defendants deny. This is the issue to be tried. A fragment of it, or rather an issue not in truth raised by the pleadings is referred. That order of reference we seek to reverse.

1. Because it is not referable.

2. If it were, the issues in this action should all be tried together to save the labor of a double trial.

3. This action can be more appropriately and more satisfactorily tried before a jury, the tribunal supposed by law to be (we believe in fact is) the best tribunal ever devised for the determination of questions of fact, upon which a claim for unliquidated damages is founded.

4. Because to enable the jury to assess the unliquidated indefinite damages which the plaintiff claims, he will be under the necessity of proving on the trial every fact which he would be compelled to prove on the reference ordered.

5. The referee's report would not aid the court on the trial or diminish the labors of the court and jury one iota.

For these reasons the plaintiff's counsel respectively submit that the order of reference should be reversed.

*James S. Sandford* and *Mortimer Porter*, for the defendants, made and argued the following points.

I. This appeal will not lie. It does not come within § 349 of the Code. (*Gray* v. *Fox*, 1 Code, Rep. N. S. 334; *Bryan* v. *Brennon*, 7 Pr. R. 359; *Seely* v. *Chittenden*, 10 Barb. 303.)

II. The reference was correct and proper. (*Sheldon* v. *Wood*, 1 C. R. N. S. 118; *Graham* v. *Golding*, 7 Pr. R. 260.)

III. The order appealed from should be affirmed with costs.

By THE COURT. WOODRUFF, J.—Upon a mere examination of the pleadings, my first impression would be that this case so far as it depends upon the complaint alone, and the denials thereof, might be tried by a jury; but it is quite obvious that

if the matter of the defendants' counter claim is to be examined, as it must be, if they show a breach of the agreement in question, entitling them to recover back their alleged advances, a reference would be quite necessary, and probably inevitable.

I can therefore readily perceive that, upon the opening of the case when called for trial at the special term, the presiding judge might at once have seen that the taking of an account of the plaintiff's and defendants' respective advances would be involved in the trial.

Whether these advances were made and to what amount were matters distinctly in issue by the pleadings, and the ascertainment of the amounts respectively might be essential.

The action was referable in its nature, and when the court was satisfied that the taking of such an account was necessary, there was no lack of power to refer.

Under such circumstances, I am of opinion that the order to refer was not appealable, but that it was a matter in the discretion of the judge before whom the cause was called for trial. *Gray* v. *Fox*, 1 Code Rep. N. S. 334, is a decision to that effect, and the decisions under the Code, that an order which rests in the discretion of the court is in general not appealable, are almost without number.

But if I were to consider the appeal on its merits, I should not be disposed upon a mere inspection of the pleadings to interfere with the order. The reasons adverted to above seem to me to warrant the reference, and although I should, upon the papers, incline to direct a reference of the whole issues, instead of a portion of them, separately, I cannot say that the discretion of the judge was erroneously exercised.

In general, the taking of an account where the issues are of this complex character, follows the trial of the other issues, as when the liability to account is denied, or the question of liability to any extent is proper to be determined before any inquiry is had to determine the items embraced within the rule of liability; but where the right of the plaintiff to recover at all upon any of the grounds claimed, depends upon the ascer-

tainment of the amount, as well as sufficiency of the defendant's alleged advances, which advances are wholly denied by the plaintiff, a reference may be proper in the first instance.

If the plaintiff supposed, as his counsel now contend, that the trial would not involve the inquiry into the amount of the advances which were respectively claimed and denied on the pleadings, he could easily have avoided the reference by admitting the state of these advances on both sides to be as claimed by the defendants, and then no reference could have been necessary.

A reference under very similar circumstances, where, as here, the complaint was that the defendant did not make the advances he was by agreement bound to make, was ordered in the Supreme Court, as mentioned in the opinion of Judge Mitchell in *Graham* v. *Golding et al.* 7 How. Pr. Rep. 261. See also *Sheldon* v. *Wood*, 1 Code Rep. 118.

I think the order should be affirmed, or the appeal be dismissed with $10 costs; and deeming the order not appealable, although I have noticed the merits, the latter seems to me the proper disposition of the appeal.

The order entered on the decision at the general term was, that the appeal be dismissed, and the order at special term be affirmed, with $10 costs.