Smith, &c., v. Western Union Telegraph Co.

CASE 40 — MOTION — OCTOBER 10.

# Smith, &c., v. Western Union Telegraph Co.

APPEAL FROM LOUISVILLE CHANCERY COURT.

| 83 | 269 |
|----|-----|
| 91 | 633 |
| 83 | 269 |
| 94 | 481 |
| 83 | 269 |
| 95 | 473 |
| 83 | 269 |
| 124 | 455 |
| 83 | 269 |
| 126 | 747 |

INJUNCTION — EFFECT OF SUPERSEDEAS. — Where, on final hearing, an injunction has been dissolved, the execution of a supersedeas bond by the plaintiff and the service of an order of supersedeas leaves the injunction in full force, and the defendant is guilty of contempt if he disregards it.

EMMET FIELD FOR APPELLANT.

If a final judgment dissolves an injunction and dismisses the action, the injunction is continued in force by appeal and supersedeas. (Talbott v. Morton, &c., 5 Litt., 326; Yocum v. Moore, 4 Bibb, 221; Steele v. Wilson, 9 Bush, 699; Civil Code, sections 747, 752; Whitehead v. Booram, 8 Bush, 400; Johnson v. Williams, 5 Ky. Law Rep., 733; Hutchcraft's Ex'r v. Gentry, &c., 2 J. J. Mar., 500; Runyan v. Bennett, 4 Dana, 598; Turner v. Scott, 5 Ran., 332; Penrice v. Wallace, 37 Miss., 172; Brersler v. McCune, 56 Ill., 477; Williams v. Pound, 48 Texas, 145; Drake on Attachments, 428.)

ROZEL WEISSINGER FOR APPELLEE.

Where a final judgment dissolves an injunction, an appeal by the plaintiff with supersedeas does not continue the injunction in force. Under the Code an appeal with supersedeas simply stays the *execution* of the judgment, and does not *suspend* the judgment itself. The old cases of Yocum v. Moore, 4 Bibb, 221, and Talbott v. Morton, &c., 5 Litt., 326, do not now apply. (Sixth Avenue R. R. Co. v. Gilbert, 71 N. Y., 430; High on Injunctions, section 1709.)

## STATEMENT OF FACTS.

The appellee, the Western Union Telegraph Company, furnishes the market quotations direct to its patrons in the city of Louisville, by means of wires running into the offices of its customers, and by means of an instrument owned by it called a "ticker." Appellee threatening to remove the "ticker" from the office of appellant, to whom it had been furnishing the quotations in the manner described, appellant obtained an injunction restraining appellee from refusing to furnish him the market quotations it had theretofore furnished him in any manner less speedy and certain than it furnished the same to other customers, from discon-

necting appellant's wire, and from removing the "ticker." The injunction being dissolved on final hearing, appellant executed a supersedeas bond and had an order of supersedeas served. Other facts are stated in the opinion.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant filed his petition and obtained an injunction against the appellee, that on the final hearing was dissolved and the action dismissed.

An appeal was prosecuted to this court with a supersedeas bond executed, and the order of super-sedeas served.

It is insisted by counsel for the appellant that the execution of the supersedeas bond left the injunction in full force, and alleging that the appellee had been guilty of violating that order, a rule was awarded by this court against the appellee to show cause why it should not be punished for contempt. The question involved is one of law only, and the merits of the controversy have not been considered. What effect the service of the order of supersedeas had on the proceedings below is the only question involved here.

This court, as far back as the year 1815, in the case of Yocum v. Moore, 4 Bibb, 221, decided this question.

The plaintiffs in that case exhibited their bill with an injunction, and on the final hearing the bill was dismissed and the injunction dissolved. The title and right of possession to certain land was involved in the litigation, and the effect of dissolving the injunction entitled the parties to their writs of possession. The clerk refused to grant the writs, an

appeal having been taken, and the lower court, on motion of the plaintiffs, directed the writs to issue. This court, in determining the question, said that the appeal suspended the operation of the order dissolving the injunction as well as that dismissing the bill. "The appeal under the circumstances, while it suspends the decree as to the main subject, should also, we apprehend, suspend the operation of all orders made during the same time incidental and relating to the principal matter in contest." The question as to the effect upon final judgments of the execution of a supersedeas bond and the service of the writ has been the subject of much diversity of opinion in the courts of this country.

The practice in the various States differ widely in this respect, but we may safely assume that the practice in this State has always followed the rule established in Yocum v. Moore, and we find nothing in the Code of Practice or in the experience of the past to justify departing from a practice so essential to the rights of parties involved in litigation.

A supersedeas is defined in the Code of Practice to be "a written order signed by the clerk, commanding the appellee and all others to stay proceedings on the judgment or order." It is a remedy provided by law for the unsuccessful litigant who complains of certain errors committed to his prejudice by the court below, and stops all proceedings on the judgment until this court disposes of the appeal.

If an injunction is the primary object of the action, or is an incidental remedy in aid of the pur-

poses of the original action, the supersedeas, when the case has been finally disposed of and the injunction dissolved, will have the effect to suspend all proceedings until the appeal is determined.

Like a motion for a new trial upon grounds filed, it suspends the judgment so that neither party can act upon it until that question is disposed of. An officer with an execution in his hands for the collection of the amount of the judgment may be enjoined by the debtor when the debt has been satisfied since the judgment was rendered, and the dissolution of the injunction with the final judgment may be stayed by a supersedeas until the rights of the parties are heard on the appeal. It is not, as said in some opinions conflicting with these views, a reversal of the judgment by the mere act of the party against whom it was rendered, but is a remedy afforded all unsuccessful litigants by which the judgment is suspended until revised by some other tribunal.

If one is about to tear down my home, or waste and destroy my property, so as to produce irreparable injury, an injunction having been obtained, although subsequently dissolved, will remain in full force if the proceedings are stayed by a supersedeas.

On the other hand, it is argued that if the injunction to stay waste or to prevent irreparable injury is made perpetual, and the relief granted by the court below, the party who has been enjoined from committing the wrong may appeal from the judgment, and by a supersedeas proceed to do that which, by the judgment, he has been enjoined from

doing. This does not follow. A party against whom a judgment has been rendered acquires no right to disregard that judgment by the execution of a supersedeas bond. He may prevent its execution by suspending its operation, but nothing more. All the supersedeas can do is to stay the proceedings under it, so as to prevent his adversary from acquiring any rights by virtue of it until the case is finally disposed of.

As an illustration of the principle involved: In an action for the recovery of specific personal property a judgment is rendered against the plaintiff. He appeals and executes a supersedeas bond and has his supersedeas issued. This will not authorize him to take the property from the defendant, or to control it as if the judgment had been in his favor, nor in a case where the execution has been enjoined can the creditor, if the injunction is made perpetual, execute his supersedeas bond and proceed to collect his debt. The supersedeas confers no new right, but simply suspends the judgment, with all the preliminary orders.

Where the injunction is made perpetual the party enjoined is guilty of contempt if he violates the injunction, although he has executed a supersedeas bond. The supersedeas is only allowed him for the purpose of preventing the successful party from enforcing his right under the judgment, and if that right is merely negative or prohibitory in its character, a supersedeas is unnecessary, except to prevent the issuing of an execution for costs. A party in enjoining an execution may give a bond to pay the

judgment in the event the injunction is dissolved, and this releases the levy.

This, however, is an express provision of the Code, and we are aware of no case where the execution of a supersedeas has been held to discharge the injunction or to arrest the judgment. It is only a stay of the proceedings, and gives to the appellant no right to disregard a mandatory order. If so, the right must be given by the supersedeas, and to sanction such a practice would enable the unsuccessful party to annul the judgment by his own act, and to do that which the judgment says he shall not do. The right to suspend the judgment belongs to every appellant; but if there is a lien on property the supersedeas does not release it; or in the case of an injunction mandatory or prohibitory in its character he can not disregard it, the sole effect of the writ being to prevent the successful party from executing the judgment. It results, therefore, that the response to the rule is insufficient. The party is guilty of contempt, and the rule made absolute.

The appellee admits its disregard of the injunction, but for further defense says that since that time it has become impossible for it to furnish the appellant with the prices of stocks, produce, etc. That it has been forbidden from so doing by the board of trade, under whose control it is acting.

The court is not fully informed as to this fact, or as to the relation of the appellee to the board of trade, and, therefore, other affidavits may be filed as well as counter affidavits. If such a state of fact is found to exist, it may reduce the punishment for the contempt to the payment of costs only.