UNION SAWMILL CO. *v.* FELSENTHAL LAND & TOWNSITE CO.

Opinion delivered December 9, 1907.

APPEAL—DECREE GRANTING INJUNCTION—SUPERSEDEAS.—As the execution of a supersedeas bond does not stay so much of a decree as grants an injunction, where the justice of the case requires that the *status quo* be preserved, this court will order a stay of proceedings until the hearing of the cause on appeal.

Appeal from Union Chancery Court; *E. O. Mahoney,* Chancellor.

*Smead & Powell,* and *Campbell &, Stevenson,* for petitioner.

The supersedeas issued by the clerk should be quashed. A decree for a perpetual injunction can not ´be superseded. Kirby's Digest, § § 1216, 1222, 1218; 73 Ark. 67, 70; 77 *Id.* 580; 2 Cyc. 913-14; 10 Wall. 273; 109 U. S. 150.

*Bunn & Patterson,* for respondents.

PER CURIAM. The material part of the judgment in this case is as follows: "That the Union Sawmill Company is a corporation engaged in the manufacture of lumber, and for more than one year prior to the institution of this suit it had unlawfully and without right operated its log train across the said land in controversy, the property of the plaintiff, for the purpose of conveying logs to their saw mill; that said trespass has continued for some length of time, and will continue unless prevented by order of this court; and that the Union Sawmill Company should be perpetually restrained from passing over or interfering with said land in anyway...........That the defendant, the Union Sawmill Company, its agents, employees· and servants, are perpetually enjoined from further entering

upon said land for any purpose whatever, except that within ninety days the said defendants, the Union Sawmill Company, can use said lands for the purpose of taking and removing its steel therefrom."

The Sawmill Company appealed to this court and filed a supersedeas bond in the statutory form, and the clerk issued a supersedeas in usual form.

Appellee now files a motion to quash the supersedeas, in so far as it stays so much of the judgment as enjoins the Sawmill Company from operating the log road as above set forth.

It is well settled that the execution of a supersedeas bond does not stay so much of a decree as grants or dissolves an injunction. 2 Cyc. 913-14 and notes; *Payne* v. *McCabe,* 37 Ark. 318. From its very nature an injunction is not such a judgment as can be stayed by a supersedeas bond. It has been the practice of this court to issue injunctions *pendente lite* or writs of supersedeas pending litigation, where the justice of the case required the *status quo* to be preserved.

The appellee's rights are fully protected by the supersedeas bond which has been filed; and the *status quo* should be preserved pending the appeal, and the bond can not do that. It is, therefore, ordered that the clerk issue a stay of proceedings under the judgment appealed from until the hearing of this case upon the merits, or until the further orders of the court.