NASHVILLE LUMBER COMPANY v. CORBELL.

Opinion delivered December 16, 1907.

APPEAL—PRACTICE AS TO INJUNCTION AND SUPERSEDEAS.—While temporary injunctions and writs of supersedeas may be issued from the Supreme Court to preserve the *status quo* pending an appeal, where the justice of the case requires it, they will not be used for the purpose of

creating a temporary right, as to enjoin the owner of land from preventing a lumber company from laying a tramway across his land.

Appeal from Howard Chancery Court; *James D. Shaver,* Chancellor; temporary injunction denied.

*J. W. Bishop,* for appellant.

*Sain & Sain* and *W. P. Feazel,* for appellee.

PER CURIAM. This is a motion for an injunction pending appeal. The chancery court refused to enjoin Corbell and wife from preventing the lumber company from laying a tramway across their homestead, on the ground that the conveyance under which the lumber company claimed was void because the wife had not joined therein, and dissolved a temporary injunction which had been granted.

Injunctions and writs of supersedeas are issued by this court to preserve the *status quo* pending an appeal, where the justice of the case requires it, but not for the purpose of creating a temporary right. This case is the converse of *Union Sawmill Co.* v. *Felsenthal Land & Townsite Company, ante* p. 494. For the reasons there given, this application is denied.