## Mewes *v.* Home Bank of DeWitt.

### Opinion delivered March 11, 1918.

Injunctions—dissolution—failure of plaintiff to appeal from order.—A. and B. claiming certain funds in B.'s hands, made appellee bank a party and secured an injunction preventing appellee from paying out the funds of B. held by it. The chancellor dissolved the injunction, and gave judgment against A. A. appealed and the cause was reversed. *Held,* there being no controversy between A. and appellee, and that A. having taken no steps with respect to appellee after the dissolution of the injunction, by the chancellor, that A. could recover nothing thereafter from appellee, the appellee having paid out the money to B. or to his order.

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*W. N. Carpenter, Samuel Frauenthal, S. L. Ehrman* and *Ector R. Johnson,* for appellants.

1. This is the second appeal of this case. 116 Ark. 155. The bank was a party and had notice of appellant's claim. It is bound by the determination of this court. 13 Ark. 103; 16 *Id.* 168; 26 *Id.* 17; 29 *Id.* 173; 99 *Id.* 484; 122 *Id.* 491. The matter is *res judicata.* 4 C. J. 1204; 86 Ark. 86; 29 *Id.* 85; 34 *Id.* 569; 54 *Id.* 239; 29 *Id.* 85. Restitution must be made. Kirby's Digest, § 1240; 81 Ark. 274; 96 *Id.* 150; 101 *Id.* 416. The bank had no right to pay out the money.

2.  The bank had notice and the rights of appellants must be determined therefore just as they were before the first decree was rendered.  The bank was not justified in paying out the money, although a general deposit in the name of M. J. F. Mewes.  The decree was appealable within the time prescribed by law.  The bank had notice who was the true owner.  7 C. J. 640, 194 Ill. 252; 71 Pa. 213; 81 S. W. 503; 31 L. R. A. (N. S.) 763; 2 Michie, Banks & Banking, 972, §§ 131, 976-9; 110 Ark. 578; 87 *Id.* 418.

3.  The interest of the widow was absolute and every one who had notice is bound.  5 Ark. 608; 8 *Id.* 9; 52 *Id.* 1, 499; 55 *Id.* 255.

*John L. Ingram,* for appellee.

1.  Appellants were not entitled to a decree against appellee in the original suit, therefore not entitled to a decree against the bank on the mandate.  The injunction was dissolved and the money paid out.  No appeal was taken until the time had almost expired and an appeal would not have reinstated the injunction.  37 Ark. 318; High on Inj. Vol. 2 (3 ed.), § 1709.

The money was a general deposit subject to check. After the injunction was dissolved appellants had two remedies, apply to reinstate the injunction or an appeal and restraining order in this court.  88 Ark. 329; 76 *Id.* 48.  Neither was done.

2.  The mandate did not authorize or direct a decree against the bank.

3.  A decree is final until reversed.  There was no supersedeas nor restraining order, and the money was paid out properly on the depositor's order.

### STATEMENT OF FACTS.

This is the second appeal of this case.  See 116 Ark. 155.  The suit was instituted by Fredericka Mewes, the widow, and certain heirs of J. J. Mewes, deceased, against M. J. F. Mewes and the Home Bank of DeWitt for the purpose of having M. J. F. Mewes account to them and to recover of him the dower interest of the widow and

the interest of the heirs in the funds consisting of $6,600, which were on deposit in the Home Bank of DeWitt to the credit of M. J. F. Mewes.

The complaint set forth the facts which show as appellant claims, that the funds were the property of the estate of J. J. Mewes, deceased. They prayed that a decree be entered declaring that the sum of $6,600 is a part of J. J. Mewes, deceased, estate; that M. J. F. Mewes be required to pay into the court, for the purpose of distribution, this sum which he had appropriated to his own use and that they have judgment against him for their proportionate amounts as their respective interests might appear.

Issue was joined on the complaint and the testimony of witnesses taken. While these proceedings were pending a temporary restraining order was issued enjoining the bank from paying out any money deposited by M. J. F. Mewes "until the further orders of the court."

Upon the trial the chancellor entered a decree, dismissing the complaint for the want of equity and dissolving the temporary injunction. From that decree an appeal was prayed and was granted by the clerk of this court a year after the decree was entered. This court reversed the decree of the lower court after reviewing the issues raised by the pleadings and the testimony adduced in support of the contention of the respective parties. We stated in the opinion as follows: "Our conclusion therefor on the evidence is that the $6,600 deposited with the Home Bank of DeWitt is the property of the estate of J. J. Mewes, deceased, and that the court erred in dismissing the appellant's complaint for want of equity."

The decree was reversed and the cause remanded with directions to grant appellant's prayer for an injunction against appellee bank and for further proceedings not inconsistent with the opinion.

The mandate from this court directed that the decree of the chancery court be annulled and that the appellant's prayer for injunction against the appellee, Home Bank of DeWitt, be granted and that further proceedings be had

in accordance with the opinion of this court. After the mandate was filed in the lower court C. T. Frick, administrator of the estate of J. J. Mewes, deceased, was made a party. The complaint asked for judgment on the mandate against the defendants and specifically against the Home Bank of DeWitt (appellee). They prayed in their motion that the original complaint be amended "so as to allege that the $6,600 mentioned in the complaint as deposited in the Home Bank of DeWitt was the property of J. J. Mewes at the time of his death, etc."

The Home Bank of DeWitt, in its response to the motion for judgment on the mandate, set up among other things the following: "At the beginning of this suit the appellee was temporarily restrained from paying over to the codefendant M. J. F. Mewes the sum of $6,600, which was deposited by said Mewes in the bank; that it was a banking corporation and that the deposit was a general deposit; that afterwards, upon a hearing of the cause by the chancery court, the temporary restraining order was dissolved, and that after the dissolution of said restraining order the appellee paid the money out either to said M. J. F. Mewes or upon his order; that it retained the $6,600 as a general deposit until the decree rendered by the chancery court, dismissing the complaint and dissolving the temporary restraining order."

The case came on for hearing upon the issues as thus raised on the motion for judgment on the mandate and the response thereto and the evidence adduced by the parties on that issue. The court found "that the defendant M. J. F. Mewes was indebted to the plaintiff Fredericka Mewes in the sum of $2,200 and that said defendant was indebted to certain heirs, the children of said Anita Prange, in the sum of $1,100. The court further found that the defendant, the Home Bank of DeWitt, was a banking corporation at the time that the money mentioned in the complaint, $6,600, was deposited with it by the defendant M. J. F. Mewes, which was a general deposit. That after the original decree was rendered by the chan-

cery court and before an appeal was perfected therefrom by appellants, the Home Bank of DeWitt, on October 20, 1913, paid out the money deposited with it to said M. J. F. Mewes or his order; and that it had nothing in its hands belonging to the estate of J. J. Mewes. The chancery court thereupon gave judgment in favor of the appellant Fredericka Mewes and against M. J. F. Mewes for the sum of $2,200, and in favor of certain heirs of J. J. Mewes, deceased, and against M. J. F. Mewes for the sum of $1,100, and did not give judgment for anything against the Home Bank of DeWitt. From this decree the appellants prayed an appeal to this court.

WOOD, J., (after stating the facts). The purpose of this suit was not to litigate and determine any issue of title, as, between the appellee bank, and the appellants, the widow and heirs of J. J. Mewes, to the funds on deposit with the appellee to the credit of M. J. F. Mewes. It clearly appears from the pleadings and the evidence that the only issue to be litigated and determined, involving the title and right to the funds in controversy, was between the appellants and M. J. F. Mewes.

The purpose of this suit was accurately stated in our former opinion, as follows: "This suit was instituted by the appellants, the widow and certain heirs of J. J. Mewes, deceased, and the Home Bank of DeWitt and M. J. F. Mewes to restrain the bank from paying over to M. J. F. Mewes the sum of $6,600 on deposit in said bank and to have M. J. F. Mewes account to them and to recover of him the dower interest of the widow and the interest of the heirs in the funds." The complaint does not contain any allegations that would have justified the court in rendering a judgment in favor of the appellant against the appellee bank for the funds in controversy. No such judgment was prayed for nor was any such judgment rendered. The entire procedings, so far as the appellee bank was concerned, were merely ancillary to the suit between the appellants and M. J. F. Mewes. The bank was made a party, as shown by the language of the temporary restraining order, only for the purpose of restraining

it as a depositary of the funds, from paying out the same until the further order of the chancery court.

When the chancery court entered a decree adverse to appellants and dissolving the temporary order that had been issued against the appellee there was no longer any injunction or restraining order against the appellee. There was no judgment against it, and the decree that was entered against appellants and their appeal therefrom did not have the effect of continuing in force the temporary restraining order against the appellee. If appellants desired to continue the same in force until they perfected their appeal they should have made such request of the trial court, and after their appeal was lodged in this court, if they still desired to have the injunction maintained until the issues on appeal were decided, they should have presented to this court a prayer to that effect. This was their remedy. *Hampton* v. *Hickey,* 88 Ark. 329. See, also, *Payne* v. *McCabe,* 37 Ark. 318, and High on Injunctions, vol. 2 (3 ed.), § 1709.

The decree is correct, and is, therefore, affirmed.