FORD v. STATE. (No. 5128.)

(Court of Civil Appeals of Texas. Austin. Feb. 12, 1919.)

1. COURTS ⟨⟫207(3)—JURISDICTION OF COURTS OF CIVIL APPEALS—INJUNCTION.

Courts of Civil Appeals in Texas have no authority to issue original writs of injunction, but authority is conferred upon them by Rev. St. 1911, art. 1592, to issue such writs where they may be necessary to enforce their jurisdiction.

2. COURTS ⟨⟫207(3)—AIDER OF JURISDICTION OF APPELLATE COURT.

Where it is necessary to issue a writ of injunction to maintain the status quo or to preserve the corpus of the subject-matter of the litigation pending appeal, the writ is in aid of the jurisdiction of the appellate court in which the appeal is pending.

3. APPEAL AND ERROR ⟨⟫456—SUPERSEDEAS —INJUNCTION IN AID OF.

In suit for temporary injunction restraining defendant from selling intoxicating liquors at retail, after defendant's appeal from injunction order, he having given bond conditioned as a supersedeas bond, the state, on motion to the Court of Civil Appeals, is entitled to injunction restraining defendant from pursuing the occupation.

4. APPEAL AND ERROR ⟨⟫488(2)—JUDGMENT REFUSING PERMANENT INJUNCTION—EFFECT ON TEMPORARY INJUNCTION.

A judgment refusing a permanent injunction does not affect a temporary injunction in force at the time the judgment dissolving the injunction was rendered, so that an appeal from such final judgment leaves the temporary injunction in force.

5. APPEAL AND ERROR ⟨⟫485(2)—SUPERSEDEAS BOND—SUSPENSION OF EXECUTION.

In view of Rev. St. 1911, arts. 2101, 2103, relative to supersedeas bonds, an appeal from a judgment of any character upon a supersedeas bond does not suspend the judgment, but only stays its execution pending appeal; the judgment itself remaining in full force until reversed.

6. APPEAL AND ERROR ⟨⟫488(2)—SUPERSEDEAS—EFFECT ON JUDGMENT.

A judgment, which requires no process to enforce its execution, as a prohibitory injunction, is not affected by an appeal therefrom on a supersedeas bond, as the judgment is not suspended pending the appeal, but execution alone is stayed.

7. CONSTITUTIONAL LAW ⟨⟫32—INTOXICATING LIQUORS ⟨⟫269—INJUNCTION SUIT—JURISDICTION OF STATE COURT—PROHIBITION AMENDMENT TO FEDERAL CONSTITUTION.

Court of Civil Appeals has jurisdiction of subject-matter of state's suit to restrain defendant from selling intoxicants at retail, that is, prohibition of the sale of intoxicants, despite adoption of prohibition amendment to Constitution of United States; amendment not being a complete law, and Congress having enacted no law for its enforcement, while it gives states concurrent power.

8. APPEAL AND ERROR ⟨⟫456—INJUNCTION SUIT—BALANCING INJURIES.

Court of Civil Appeals, on appeal by retail liquor dealer from temporary injunction restraining him from selling, and on motion of Attorney General for injunction to prohibit dealer from pursuing occupation pending appeal, will not deny motion on equitable ground of balancing injury to state against injury to dealer by being deprived, in case of reversal, of privilege of pursuing lawful business.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Suit for injunction by the State of Texas against John Ford. From decree for the

---

⟨⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

State, defendant appeals, and the State moves for injunction against him. Motion granted, and defendant enjoined as prayed until further order.

E. B. Robertson, of Austin, for appellant.

C. M. Cureton, Atty. Gen., W. A. Keeling, First Asst. Atty. Gen., and Leigh Clark, Dist. Atty., of El Paso, for the State.

JENKINS, J. On October 25, 1918, the state of Texas filed its petition in the Fifty-Third judicial district, praying for a temporary injunction against appellant, restraining him from selling intoxicating liquors at retail, and alleging that he was illegally pursuing the occupation of retail liquor dealer.

On the same day the court granted said injunction as prayed for.

On January 18, 1919, the case was tried on its merits, and the court entered judgment perpetually enjoining the defendant from selling intoxicating liquors in this state. From this judgment the appellant gave notice of appeal, and, the court having fixed his appeal bond at $5,000, he gave such bond, conditioned as required for a supersedeas bond, and the same was on January 31, 1919, approved by the clerk of said court.

The Attorney General has filed in this court a motion for injunction against appellant to prohibit him from pursuing the occupation of a retail liquor dealer, alleging upon information and belief that appellant is about to, and unless restrained by the order of this court will, engage in the occupation of a retail liquor dealer, which allegation is duly verified.

This petition has been submitted to this court upon oral argument by both parties, appellant's counsel admitting that it was the purpose of appellant to engage in the occupation of a retail liquor dealer pending the appeal, and perhaps he is now doing so.

It is the contention of appellant: (a) That this court is without jurisdiction to issue a writ of injunction herein, in that such writ would be an original writ, and not one issued in aid of our jurisdiction; (b) that, the appeal having been perfected by giving a supersedeas bond, the judgment enjoining appellant from pursuing such occupation is suspended until the case is decided by this court.

[1] Courts of Civil Appeals in this state have no authority to issue original writs of injunction, but authority is conferred upon them by statute to issue such writs where the same may be necessary to enforce their jurisdiction. R. S. art. 1592.

[2] Where it is necessary to issue a writ of injunction to maintain the status quo, or to preserve the corpus of the subject-matter of the litigation pending appeal, such writ is in aid of the jurisdiction of the appellate court in which the appeal is pending. Hubbart v. Bank, 55 Tex. Civ. App. 504, 119 S. W. 714; Ry. Co. v. Hornberger, 141 S. W. 312, 313; Ry. Co. v. Hornberger, 106 Tex. 106, 157 S. W. 744; Union Sawmill Co. v. Felsenthal, 84 Ark. 494, 106 S. W. 677; 2 R. C. L. § 97; 22 Cyc. 1010; Lumber Co. v. Corbell, 84 Ark. 596, 106 S. W. 677.

[3] The subject-matter of this suit is to restrain appellant from an alleged violation of law, not from the date of final judgment herein only, but from the day the temporary injunction was granted. If the appellant is permitted to pursue the occupation of a liquor dealer until this case is finally determined upon its merits, which may be several years hence, and it should be then held that he had during each day of said time been violating the law, much of the subject-matter of this suit would have passed out of existence by the lapse of time. A temporary injunction having been granted prior to the rendition of judgment herein, and, the same not having been dissolved, the status quo at the time final judgment herein was rendered was that appellant stood enjoined from pursuing the occupation of a liquor dealer, and for this reason the state is entitled to an injunction herein, unless the temporary injunction had expired by its own terms, as was the case in Ft. Worth Ry. Co. v. Rosedale Ry. Co., 68 Tex. 163, 7 S. W. 381.

[4] It is the settled law in this state that a judgment refusing a permanent injunction does not affect a temporary injunction in force at the time the judgment dissolving the injunction was rendered, hence an appeal from such final judgment leaves the temporary injunction in force. Williams v. Pouns, 48 Tex. 141; G., C. & S. F. Ry. Co. v. Ft. W. & N. O. Ry. Co., 68 Tex. 105, 2 S. W. 199, 3 S. W. 564; Ft. W. Ry. Co. v. Rosedale Ry. Co., 68 Tex. 168, 7 S. W. 381.

Whether this be true for the reason that an appeal on a supersedeas bond suspends the judgment, as has sometimes been loosely said, or suspends only its execution, or because an appeal from a final judgment neither suspends the judgment granting temporary injunction, nor its execution, there being no appeal therefrom, it is apparent that the rule applies equally to cases where the final judgment, as in this case, granted a permanent injunction. In the majority of cases hereinafter cited, the trial court granted a permanent injunction.

We might well rest our decision herein, except as to the federal question hereinafter discussed, upon the authority of these decisions, and hold that, even though the judgment permanently enjoining appellant from pursuing the occupation of a retail liquor dealer has been suspended by the appeal herein, the temporary injunction thereto-

fore granted has not been suspended, and that the court in aid of its jurisdiction to enforce such temporary injunction and to preserve the status quo has the power to issue the injunction herein prayed for. But as the facts of the case present the issue as to whether an appeal upon a supersedeas bond from a purely prohibitive injunction, suspends such judgment, and as this question has never been decided by the Supreme Court of this state, we think its importance demands that we pass upon that issue.

[5] We hold that an appeal from a judgment of any character, upon a supersedeas bond, does not suspend the judgment, but only stays its execution pending the appeal. 2 R. C. L. § 97, p. 122; Nill v. Comparet, 16 Ind. 107, 79 Am. Dec. 411; Mull v. McKnight, 67 Ind. 525; Randles v. Randles, 67 Ind. 434; Walls v. Palmer, 64 Ind. 493; Padgett v. State, 93 Ind. 397. The judgment itself remains in full force until it is reversed. If it be affirmed, the appellate court does not enter a new judgment in the case, nor revive the judgment of the trial court, but only removes the impediment to its execution. In this connection, we call attention to the fact that a supersedeas bond, as defined by our statute, does not purport to suspend the judgment from which the appeal is taken, but only to suspend "the execution of the judgment." R. S. arts. 2101 and 2103.

[6] If it be true that the judgment of the trial court is not suspended pending the appeal, but that the only effect of such appeal is to stay its execution until the determination of the cause on appeal, it follows that a judgment which requires no process to enforce its execution is not affected by an appeal therefrom. A judgment that is purely prohibitive, and in no part mandatory, and which does not interfere with the possession of property, is such a judgment. The execution of judgments is enforced by the issuance of writs, such as execution, order of sale, etc. A purely prohibitory injunction is self-executing. It needs no writ for its enforcement, and there is no writ known to the law for its enforcement. Padgett v. State, supra. A court may punish a party for contempt if he disobeys such judgment, but this is not a writ to enforce the judgment; it is only a means to prevent its nonenforcement. As was said in Padgett v. State, supra, there is no provision for enforcing a purely prohibitory judgment by process, and none is needed, for the judgment enforces itself.

In support of the proposition that an appeal from a purely prohibitive injunction does not suspend such judgment, though a bond be given conforming in all respects to a supersedeas bond, we cite State ex rel. Gibson v. Superior Court, 39 Wash. 115, 80 Pac. 1108, 1 L. R. A. (N. S.) 554, 109 Am. St. Rep. 862, 4 Ann. Cas. 229; Union Sawmill Co. v. Felsenthal, 84 Ark. 494, 106 S. W. 676;

Barnes v. Typ-Union, 232 Ill. 402, 83 N. E. 932, 14 L. R. A. (N. S.) 1155, 122 Am. St. Rep. 129; Powhatan Coal Co. v. Ritz, 60 W. Va. 395, 56 S. E. 257, 9 L. R. A. (N. S.) 1233; Sheridan v. Reese, 121 La. 226, 46 South. 218; Lindsay v. Dist. Co., 75 Iowa, 509, 39 N. W. 817; Smith v. Tel. Co., 83 Ky. 269; Central Union v. State, 110 Ind. 203, 10 N. E. 922, 12 N. E. 136; Hawkins et al. v. State, 126 Ind. 294, 26 N. E. 43; Heinlen v. Cross, 63 Cal. 44; Cole v. Edwards, 104 Iowa, 373, 73 N. W. 863; Wilkinson v. Dunkley, 141 Mich. 409, 104 N. W. 772; R. C. L. § 97; Elliott App. Pro. §§ 391 and 392; 2 Cyc. 913; 22 Cyc. 1010.

The statutes of the United States in reference to appeals are substantially the same as those of this state, except as to an additional feature in our statute, hereinafter referred to. U. S. Comp. St. § 1660, states what is necessary in a supersedeas bond. Section 1666 provides for a supersedeas "in any case" by serving a writ of error on the opposite party, and "giving the security required by law." "Any case" is equivalent to the expression "every final judgment" in our statute. R. S. art. 2078. Supersedeas of the judgment of the trial court is a matter of right. McCourt v. Singers-Bigger, 150 Fed. 102, 80 C. C. A. 56. But the decisions of the federal courts uniformly hold that an appeal upon a supersedeas bond from a merely prohibitory injunction does not suspend the judgment. Hovey v. McDonald, 109 U. S. 161, 3 Sup. Ct. 136, 27 L. Ed. 891; Leonard v. Ozark Land Co., 115 U. S. 468, 6 Sup. Ct. 127, 29 L. Ed. 445; Knox v. Harshman, 132 U. S. 14, 10 Sup. Ct. 8, 33 L. Ed. 249. In the latter case, Mr. Chief Justice Fuller, speaking for the court, said:

"The general rule is well settled that an appeal from a decree granting, refusing, or dissolving an injunction, does not disturb its operative effect."

The ground upon which all of these decisions rests is that an appeal does not suspend a judgment; that a supersedeas merely suspends execution; and that a judgment that is prohibitory only is self-executing, and needs no process to put it into execution.

Mr. Elliott, in his work on Appellate Procedure (section 392), says:

"Where a judgment or decree executes itself, that is, where no ministerial officer is necessary to put it into effect, the supersedeas does not alter the state of things created by the judgment from which appeal is prosecuted."

In addition to the reasons hereinbefore stated as to why an appeal upon a supersedeas bond in this state does not apply in the instant case, we call attention to the fact that our statute defining the requisites of a supersedeas bond contains a provision which is not found in the statute of the United States in reference to a supersedeas bond,

viz. that, should the judgment of the Supreme Court or the Court of Civil Appeals be against the appellant, he "shall perform its sentence, judgment or decree." If a case is affirmed, the judgment, sentence, and decree of the appellate court is that the judgment of the lower court shall be enforced. As hereinbefore stated, this does not mean that the judgment of the lower court is revived, but that it has been in force all the time, and that it shall be performed as originally rendered. The judgment of the lower court in the instant case is that appellant shall desist from selling intoxicating liquor from and after the date of such judgment. If he continues such sales until this case is decided on appeal by this court, and also by the Supreme Court, should it be carried to that court, and should the judgment of the trial court be finally affirmed, the lapse of time will render it impossible for the appellant to perform such judgment. From this, it is apparent that our statute does not provide for a supersedeas in such a case as this.

The appellant cites, in support of his contention, Williams v. Pouns, G., C. & S. F. Ry. Co. v. F. W. & N. O. Ry. Co., and F. W. Ry. Co. v. Rosedale Ry. Co., supra; and Lee v. Broocks, 51 Tex. Civ. App. 344, 111 S. W. 778. As we have seen, these cases are against him, in that they hold that the temporary injunction was not suspended by his appeal.

The case of Haley v. Walker, 141 S. W. 166, cited by appellant, is not in point, for the reason that the injunction in that case was properly mandatory. Appellant also cites the case of Ætna Club v. Jackson, 187 S. W. 971. In that case the court awarded a mandamus, requiring the district judge before whom the case was tried to fix the amount of a supersedeas bond; none having been fixed by statute. The effect of the decision was to hold that an appeal upon a supersedeas bond would suspend the judgment which was purely prohibitory.

In this, we think the honorable Court of Civil Appeals was in error: (1) Because our statute, as appears from the condition of a supersedeas bond, does not contemplate a supersedeas in such a case; (2) because it is well settled, as shown by the authorities hereinbefore cited, that an appeal from such a judgment does not suspend the same; and (3) because there had previously been a temporary injunction issued, which remained in force and effect, and therefore the suspension of the judgment granting a permanent injunction would have been of no avail to appellant, and the fixing of the amount of a supersedeas bond would have been an idle thing.

The decision in the Ætna Club Case, supra, is based upon what we think is a misconstruction of the decision by our Supreme Court in Waters-Pierce Oil Co. v. State, 107 Tex. 7, 106 S. W. 330. That was a suit in which the state recovered a penalty against the oil company for violating the anti-trust laws of the state, and appointed a receiver to take charge of the property and conduct the business of the company pending the appeal. There was no issue as to an injunction in the case. The issue was whether the appeal bond, which contained the requisites of a supersedeas bond, suspended the power of the receiver to act pending the appeal. The court, after holding the judgment appointing the receiver was a final judgment, cited our statute which grants the right of appeal from all final judgments in civil cases, and also the statute as to a supersedeas bond.

The language used in reference to these statutes might seem broad enough, upon a casual reading, to sustain the decision in the Ætna Club Case. It is not, however, the language used in an opinion, but the point decided, which constitutes the decision. All else is dictum. The point decided is determined by the pleadings and the facts. The issue was as to whether the law with reference to the effect of a supersedeas bond applied to the facts of that case. After citing the facts and the provisions of the statute, Mr. Justice Brown said:

"It only needs to be said that the law applies to this case, and the enforcement of the order appointing the receiver was suspended by the appeal."

The correctness of the decision cannot be doubted. Referring to the broad language used by Mr. Justice Brown, it will be seen that he says that—

"When the appellant or plaintiff in error complies with the law, the judgment cannot be *enforced* [italics ours] during the pendency of the appeal."

This is true where is requires some process to be issued by the court, or some act of a ministerial officer to enforce the judgment. But, as we have before stated, a purely prohibitory judgment is not of this character.

[7] The appellant insists that this court has no jurisdiction of the subject-matter of the main suit, viz. prohibition of the sale of intoxicating liquor, for the reason that that subject has been relegated to the exclusive control of Congress, by reason of the adoption of the prohibition amendment to the Constitution of the United States. He cites in support of his contention the case of Ry. Co. v. State of Washington, 222 U. S. 370, 32 Sup. Ct. 160, 56 L. Ed. 237.

We think the facts of this case clearly differentiate it from the instant case, but we do not deem it necessary to discuss such facts in detail. It was there held that the state had lost the right to legislate on the subject of regulating the hours of labor of railroad employés engaged in interstate commerce, for the reason that Congress had

legislated fully on the subject, prescribing such hours of labor and fixing the penalty for violation of said act.

The prohibition amendment to the federal Constitution is not a law complete in itself, in that it fixes no penalty for its violation, and Congress has enacted no law for its enforcement.

A complete answer is further found in the fact that the constitutional amendment prohibiting the manufacture and sale of intoxicating liquor expressly confers upon the states concurrent jurisdiction to enforce the same. Section 2 of said amendment reads as follows:

"The Congress and the several states shall have concurrent power to enforce this article by appropriate legislation."

[8] Appellant suggests that we should deny this motion on the equitable grounds of balancing injuries. His argument is that, if the judgment of the trial court should be affirmed, the state will suffer no serious injury by appellant's continuing to sell intoxicating liquor until that time; whereas, if this case should be reversed, he will suffer serious injury by being deprived of the privilege of pursuing a lawful business, pending this appeal.

We cannot agree with appellant that if this case is affirmed the state will suffer no serious injury by denying the injunction herein prayed for. If the law under which the case against appellant was brought is valid (a question which we are not called upon to decide in this proceeding), the defendant will commit a felony every time he sells a drink of intoxicating liquor. We know of no greater injury that could be inflicted upon the state than the open and continuous violation of its laws. We cannot weigh the profits of an individual of which he might be unlawfully deprived against the loss to society, by reason of the continuous violation of the laws of the state. If appellant's threatened acts may be found to be in violation of the penal laws of the state, there is no ground for balancing injuries.

For the reasons stated, the motion of the state is granted, and appellant is hereby enjoined as prayed for, until the further order of this court.

Motion granted.

BRADY, J., not sitting.

KEY, C. J. While I concur in most that is said in the opinion of Mr. Justice JENKINS and in the result announced in his opinion, I do not concur, in his view to the effect that the preliminary injunction issued by the district judge is still in force; and, if pre-pared to make that ruling, I would be inclined to hold that the state's remedy would be a proceeding asking to have appellant punished for contempt, and not the issuance of another injunction.

The fiat of the district judge upon which the preliminary injunction was issued reads as follows:

"In Chambers, Oct. 25, 1918. On showing made, plaintiff's application for a temporary injunction granted as prayed for, and the clerk of this court is hereby directed to forthwith issue a temporary injunction enjoining and restraining the defendant herein as prayed for until the further orders of this court herein made and entered."

The temporary writ of injunction followed the fiat of the judge, and enjoined and restrained appellant from doing the things therein referred to until further ordered by the court. The judgment rendered upon the final trial was a further order of that court, and when it was rendered, in my opinion, the temporary injunction ceased to exist by force of its own terms; and therefore the state has no right to have appellant punished for violating that writ. The trial judge had the power to limit the life of the temporary writ of injunction, and I believe he intended to do so when he placed in his fiat the language, "until the further orders of this court herein made and entered"; and, when the contingency therein referred to arose, the temporary writ of injunction expired by its own terms.

Also, it is immaterial that the contingency referred to consisted of a final judgment perpetually restraining appellant from doing the things complained of, and it is also immaterial that an appeal has been perfected from that judgment. The rendition of that judgment was a further order of that court relating to the question of injunction, and, being a further order, as soon as it was made the temporary writ of injunction expired by its own terms and in accordance with the fiat of the district judge.

If the preliminary injunction is still in force, the appeal vests in this court the power to punish appellant for its violation, and, if that be its status, the state should have inaugurated a contempt proceeding, instead of one asking to have another writ of injunction issued. G., C. & S. F. Ry. Co. v. F. W. & N. O. Ry., 68 Tex. 98, 2 S. W. 199, 3 S. W. 564. But, as stated above, I do not believe that perfecting the appeal has kept the temporary injunction alive, because and for the reason that before the appeal was perfected it had ceased to exist.

Upon the other questions involved in the motion, I concur in and approve the opinion prepared by Mr. Justice JENKINS.