MALVERN BRICK & TILE COMPANY *et al. v.* ALEXANDER.

5-335                                              261 S. W. 2d 798

Opinion delivered November 9, 1953.

*Leffel Gentry, Cole & Epperson* and *Barber, Henry & Thurman,* for appellant.

*Richard C. Butler* and *Eugene A. Matthews,* for appellee.

GEORGE ROSE SMITH, J.   This is a controversy between the appellant A. B. Alexander and the appellee Verna Cook Alexander concerning the ownership of certain corporate stock in the Malvern Brick & Tile Company.   By a decree entered on October 17, 1953, the chancellor held that the appellee is the owner of the stock. The appellants, A. B. Alexander and the corporation, filed notice of appeal under § 2 of Act 555 of 1953.

On October 30, 1953, the appellants, without waiting for the complete record to be settled and certified, filed in this court what is admittedly only a partial record and presented to us the application now being considered, by

which they ask leave to file a supersedeas bond in the sum of $10,000. The appellants have made no attempt to obtain a writ of supersedeas in the trial court. During the oral argument upon the present application the appellant's counsel frankly conceded that their failure to apply to the chancellor for approval of a supersedeas bond was due to the fact that, at a hearing involving an earlier decree which proved to be void for reasons we need not detail, the chancellor had indicated that he would require a supersedeas bond in the sum of $259,460.02. Thinking this amount to be excessive, the appellants seek to by-pass the trial court by filing a partial record in this court and applying to us for approval of the $10,000 bond that is tendered.

We think it perfectly plain that Act 555 does not contemplate that the trial court's authority is to be circumvented in this manner. Section 5 of that statute provides that an appellant "may present to the court for its approval a supersedeas bond . . ." This reference to "the court" unquestionably means the trial court—a fact that becomes too clear for argument when §§ 2, 3, 4, and 5 are read together. We may add that § 5 is copied almost verbatim from Rule 73 (d) of the Federal Rules of Civil Procedure, and there is not the slightest doubt that Rule 73 refers to the federal trial courts.

In spite of the fact that § 5 of Act 555 requires the application for supersedeas to be presented to the trial court, the appellants insist that §§ 6 and 17 of the Act provide an alternative method by which a stay may be obtained by the filing of a partial record in this court. This contention is bottomed upon § 17, which reads: "Section 17. *Record for Preliminary Hearing in Appellate Court.* If, prior to the time the complete record on appeal is settled and certified as herein provided, a party desires to docket the appeal in order to make in the appellate court a motion for dismissal, *for a stay pending appeal* [our italics], for additional security on the bond on appeal or on the supersedeas bond, or for any immediate order, the clerk of the trial court at his request shall certify and transmit to the appellate court a copy

of such portion of the record or proceedings below as is needed for that purpose." Upon the premise that the partial record now before us has been properly docketed under the language just quoted, the appellants rely on § 6 of Act 555 for the rule that "After the action is so docketed, application for leave to file a [supersedeas] bond may be made only in the appellate court."

This reasoning must be rejected for the reason that its basic premise is wrong. Section 17 was not meant to enable an appellant to obtain an ordinary writ of supersedeas by the mere filing of an incomplete record in this court. It is the trial judge who is familiar with the case as a whole, and § 5 sensibly requires that routine applications for supersedeas be presented to him, when the complete record has not yet been filed in this court. What § 17 does is to permit the appellant to apply for preliminary relief in this court, upon a partial record, in certain situations which at least implicitly involve a review of the trial court's failure to grant the relief sought here. As an example, § 17 allows us to review the trial court's approval of an appeal bond when the security is thought to be insufficient. By the same reasoning, that clause in § 17 which permits us to grant "a stay pending appeal" implies appellate jurisdiction rather than the exercise of power that is vested in the trial court in the first instance. The clause refers to those emergency stay orders that temporarily set aside the trial court's action and hold the cause in abeyance until the appeal can be heard. See *Union Sawmill Co.* v. *Felsenthal etc. Co.*, 84 Ark. 494, 106 S. W. 676; *Hampton* v. *Hickey*, 88 Ark. 324, 114 S. W. 707; *Mewes* v. *Bank of DeWitt*, 133 Ark. 144, 201 S. W. 1106.

This case does not fall in that category. It is a run-of-the-mine application for supersedeas that should have been presented to the chancellor. Inasmuch as the appellants were not entitled to file a partial record under § 17 of Act 555, the case was improperly docketed in this court, and § 6 of the statute has no application. The application for leave to file a supersedeas bond is denied,

and the case is, without prejudice to a future appeal, stricken from the docket.