### 8670

### SILVERTHORNE v. THE BARNWELL LUMBER CO.

INJUNCTION.—Where the right is not very clear and beyond reasonable question, one Justice should not grant temporary restraining order pending appeal from Circuit order refusing temporary injunction.

Before GAGE, J.

Action by Albert E. Silverthorn against The Barnwell Lumber Co. *et al.* Motion by appellant for temporary injunction.

*Messrs.* —— —— for the motion.

October 16, 1913.

MR. JUSTICE FRASER. This is an action for injunction. Judge Bowman issued a rule to show cause why a temporary injunction should not issue and made the rule returnable before Judge Gage. Judge Gage refused the injunction. Plaintiff appealed and moved before me for a temporary injunction pending the appeal.

Plaintiff claims to be entitled to the position of superintendent and general manager of the defendant, The Barnwell Lumber Company, respondent, and that he has been unlawfully deprived of his position by the officers of the company.

As a general proposition, a person or corporation is entitled to the possession and management of its property and business, and if the appellant is entitled to the possession and management, the burden is on him to show it.

A Justice of this Court has the power to make the order of injunction, but it ought not to be exercised unless the right of the appellant is very clear and beyond reasonable question. I cannot say that the appellant's right is clear and beyond reasonable question. It is true the appellant appears to have an interest in certain stock of the company, but what that interest is, does not appear; but, even if the appellant was the sole owner of the stock, this proceeding is not based upon his right as a stockholder, but upon his rights as an individual under the contracts set up in his complaint. The respondent denies the appellant's rights under these contracts. The questions of right under these contracts are not so clear as to warrant a single Justice of this Court in practically reversing the judgment of the Circuit Judge.

Comparative injury should be considered in a case of this sort. If this Court should hold that Judge Gage is in error, the appellant's individual loss may be comparatively small. If this Court should hold that Judge Gage is not in error, then, under the great powers claimed by the appellant, the respondent's loss may be very great.

It is therefore ordered, that the motion for temporary injunction be, and the same is, refused.