IN RE PETITION OF MEE, et al.

MEE, et al., Plaintiffs and Appellants, v. HIRNING, et al., Defendants and Respondents.

(187 N. W. 540.)

(File No. 5085.   Opinion filed March 31, 1922.)

1.   Appeals—Prohibition, "Order" Quashing Writ, Dismissing Proceeding, as "Judgment," Appeal One From Judgment—Statute.

The quashing of a writ of prohibition and dismissal of the proceeding, is a "judgment" and not an "order," since the so-called "order" was a final determination, and therefore a judgment, under Sec. 2992, Code 1919, defining a judgment in a special proceeding as a "final determination of the rights of the parties" therein.

2.   .Same—Stay of Proceedings Re Appeal From Judgment Quashing Writ of Prohibition—Self-executing Judgment, No Stay— Statute.

A final determination quashing a writ of prohibition and dismissing the proceeding, is a self-executing judgment, and as such can not be stayed on appeal.

3.   Same—Right of Supreme Court to Preserve Status Quo Pending Appeal—Discretionary Power, Clear Case to Warrant Exercise—Authorizing State Banking Business, And Benefit · of Guaranty Fund, Refusal to Prohibit Pending Appeal—Presumption of Injury From Stay.

Where parties operating existing state banks in a banking community applied for writ of prohibition against Superintendent of Banks and members of Depositors Guaranty Fund Commission, prohibiting them from granting to an incorporated state bank seeking to do business in said community, a certificate of authority and admission under the depositors' guaranty fund, which writ was quashed and proceeding dismissed, held, that on appeal from such judgment Supreme Court's exercise of power to preserve status quo of parties pending appeal, by

stay of proceedings, (conceding, but not deciding, that Court has inherent power in proper case so to do) is purely discretionary, and should not be exercised until clearly shown that appellants were entitled to relief denied them below, and that to grant a stay order will work far less financial injury to banking corporation than its refusal will work to appellants; so **held**, the stay being asked on grounds that said community interests were fully cared for by two existing banks, and that charter of the applying bank corporation had expired; affidavits showing that delay by said bank in opening business was caused by said prohibition proceedings; that it is presumed that if said corporation is entitled to the rights applied for, great financial loss will result to it from further delay in granting such rights, etc., while no special financial loss to opposing banks would presumably result from wrongful operation by said bank temporarily; it being presumed said corporation is a safe banking institution.

Gates, P. J., concurring specially.

Original application by James Mee and James S. Thompson, in the Matter of the Petition of said parties applicant for a Writ of Prohibition to John Hirning, as Superintendent of Banks of the State of South Dakota, and John Hirning, M. Plin Beebe, C. H. Lien and William Hoese, as members of and constituting the Depositors Guaranty Fund Commission of the State of South Dakota, requiring respondents to desist and refrain from granting to The Farmers' Security State Bank a certificate of authority to do a banking business and from granting it admission under the depositors' guaranty fund. From a judgment of the Circuit Court in and for Minnehaha County (Hon. Louis L. Fleeger, Judge,) quashing said writ and dismissing the proceeding, Mee and Thompson appeal; pending which appeal appellants moved, first, for an order fixing amount of undertaking upon their appeal and granting a stay of proceedings pending appeal, and, second, that if this Court should determine it has no authority to or should not grant the other relief prayed for, it grant an order upon respondents prohibiting them during pendency of the appeal, from granting to said banking corporation the rights and privileges sought for. Motions denied.

H. E. Judge, and S. K. Grigsby, for Appellants.

Byron S. Payne, Attorney General, and E. D. Roberts, Assistant Attorney General, for Respondents.

(2) To point two of the opinion, Respondent cited: 3 C. J. 1277, note 83; id, note 87; Flypaa v. Brown County, 6 S. D. 634.

(3) To point three, Appellant cited: Wells v. Wells, 25 S. D. 60; Schafer v. District Court, 131 N. W. 240. And submitted: That the order sought by this motion is equivalent to an alternative writ of prohibition, which this Court has original jurisdiction to issue, and, having such jurisdiction, it may, in exercise of appellate jurisdiction, issue such writ or order as is necessary to exercise of appellate jurisdiction.

Respondent cited: Silverthorne v. Barnwell Lumber Co., 96 S. C. 32, 79 S. E. 519; Johnson v. Young (Colo.), 22 Pac. 769. And submitted that: A stay under Sec. 3159, Code 1919, is entirely discretionary with trial court, which will not be disturbed by Supreme Court; and cited: Devereux v. Katz, 22 N. D. 351, 133 N. W. 553.

WHITING, J. The Farmers' Security State Bank, having received its articles of incorporation, applied to the respondent Hirning, as Superintendent of Banks, for certificate of authority to do business as a bank, and to said Hirning and the other respondents, as the Depositors Guaranty Fund Commission, for admission under the depositors' guaranty fund. The appellants sought and procured from the circuit court an alternative writ of prohibition requiring respondents to desist and refrain temporarily from granting to such corporation the rights and privileges sought, and requiring respondents to show cause why such temporary writ should not be made permanent. Upon the return of such alternative writ the circuit court quashed the writ and dismissed the proceeding. Appellants perfected an appeal to this court, and sought from the circuit court an order fixing the amount and conditions of an undertaking to be executed on their part upon appeal by them from the "order" of the circuit court, to stay the execution and performance of such order; but such court, being of the opinion that the matter of allowing a stay on appeal and of fixing an undertaking therefor was a matter discretionary with such court, and being of the opinion that it would be impossible for the court to fairly protect the interests of the corporation which was not a party to the proceedings in the circuit court nor a party to the appeal to this court, refused to stay the operation of its order and to fix amount of undertaking. Appellants now seek from this court an order fixing the amount of undertaking upon their appeal and granting a stay of proceedings

pending such appeal, and they further ask that, if we should determine that we have no authority to or should not grant the other relief asked, we grant an order directed to the respondents and prohibiting them, during the pendency of the said appeal, from granting to such corporation the rights and privileges sought by it.

[1] Appellants base their right to a stay upon section 3159, R. C. 1919; while respondents contend that this section has no application—that the so-called "order" appealed from was in fact a "judgment," and that appellants could only be entitled, if at all, to a stay under the provisions of section 3158, R. C. 1919. That this appeal is from a judgment is beyond question. Application for writ of prohibition is a special proceeding; and section 2992, R. C. 1919, defines what constitutes a judgment in such a proceeding:

"A judgment in a special proceeding is the final determination of the rights of the parties therein. * * *"

[2] The so-called "order" was a final determination and therefore a judgment. This judgment appealed from is self-executing. Our statutes do not contemplate that a self-executing judgment can be suspended pending appeal. Fylpaa v. Brown County, 6 S. D. 634, 62 N. W. 962; State v. Carlson, 37 S. D. 231, 157 N. W. 657; 3 C. J. 1277, 1278; Haddick v. District Court, 164 Iowa, 417, 145 N. W. 943; Reese v. Steel, 73 Ark. 66, 83 S. W. 335, 1136; and Cooper v. Hindley, 70 Wash. 331, 126 Pac. 916.

[3] In apparent anticipation that this court must hold as above, appellant, after making the motion seeking for a stay under section 3159, and after the presentation of such motion to this court, filed in this court the alternative motion above referred to. Conceding, for the purposes of this motion, but not deciding, that this court has inherent power, in a proper case, to preserve the status quo pending appeal, its exercise is purely within the discretion of the court. Such a power should not be exercised until it is quite clear to the court that the appellants were entitled to the relief denied them by the judgment appealed from; and it is clear that to grant the order restraining respondents pending the final determination of the appeal will work far less financial injury to the banking corporation than its refusal will work to

appellants.    Silverthorne v. Barnwell Lbr. Co., 96 S. C. 32, 79 S. E. 519.

The prohibitory relief was asked upon two grounds: That the business interests of the particular community were fully taken care of by two existing banks, in which appellants were financially interested; and that the charter of the said banking corporation had expired because the corporation did not open for business as a bank within a year from the time when its charter was granted.   Certainly whether another bank should be allowed in this particular banking community, even if not within the absolute discretion of the Banking Department, should not be controlled by the courts unless there is a clear abuse of the discretion and power vested in such Banking Department; and there is nothing before us that would warrant us, before the final determination of the appeal and upon such a ground, in suspending the authority of respondents in the premises.

The affidavits submitted upon the application before this court tend to prove that any delay or neglect on the part of the banking corporation in opening for business was due to the action of respondents; that such corporation made its applications to respondents promptly, and has been ready and anxious to open up for business; and that respondents delayed the issuance of the necessary authority until the existing financial situation should improve.   If this banking corporation is entitled to receive the rights and privileges sought for, we must presume great financial loss will result to it from further delay in granting such rights and privileges.   It appears that it has not only procured its articles of incorporation, but has provided itself with a banking room and necessary banking equipment.   Upon the other hand, we cannot see where, even though such corporation should wrongfully operate a bank temporarily, any special financial loss can come to appellants; in fact, they have set forth no facts from which we could presume they would suffer any loss whatsoever, other than such loss as might result from their indiret loss through ownership in the stock of competing banks.   The personnel of the administrative force of the corporation stands unchallenged.   We must presume the corporation to be a safe banking institution.   We can find, from the record before us, nothing whatever that would justify us in calling into exercise any inherent power with which

this court may be vested, and granting the extraordinary relief prayed for.

Appellants' motions are denied.

GATES, P. J. I concur in the view that no occasion has arisen to call into exercise the inherent power of the court to preserve the status quo pending the appeal. If appellants are right in their contention that the new bank has lost its corporate rights because it failed to open for business as required by law, then neither the admission of the new bank to the guaranty fund, nor the issuance of a certificate by the Superintendent of Banks permitting it to open for business would avail it anything. Neither the Guaranty Fund Commission nor the Superintendent of Banks can restore the corpse to life, if it is a corpse.