Note.—Reported in 207 N. W. 213.    See, Headnote (1), American Key-Numbered Digest, Extradition, Key-No. 30, 25 C. J. Sec. 14; (2) Pardon, Key-No. 9, 29 Cyc. 1570; (3) Evidence, Key-No. 433(2), 22 C. J. Sec. 1632; (4) Habeas corpus, Key-No. 85(2), 29 C. J. Sec. 191; (5) Habeas corpus, Key-No. 113(12), 29 C. J. Sec. 230; (6) Extradition, Key-No. 27, 25 C. J. Sec. 14 (Anno.); (7) Criminal law, Key-No. 1216(1), Pardons, 29 Cyc. 1570.

Who are fugitives from justice; specifically as to prisoner under parole, see notes in 51 L. R. A. (N. S.) 672; L. R. A. 1918, D 680.

Extradition of one who violates parole, see note in 8 A. L. R. 903.

---

## SCHMALZ et al., Respondents, v. SCULLY et al., Appellants.

### (207 N. W. 221.)

(File No. 6117.    Opinion filed February 16, 1926.)

1.  **Officers—Injunctions—Trial Court's Discretion, in Continuing Injunctional Order During Pendency of Action to Determine Rights to Office, Is Legal and Not Arbitrary.**

    Trial court's discretion, in question of continuing injunctional order during pendency of action to determine rights to office, is a legal discretion, and not an arbitrary one.

2.  **Officers — Injunctions — Directing that Contestants Hold Office Pending Determination of Action on Hearing on Order to Show Cause Held Abuse of Discretion.**

    In action to determine rights to hold office, trial court, after hearing on order to show cause why defendants should not be restrained from exercising rights of office during pendency of action, abused its discretion by entering mandatory order authorizing contestants to act as such officers, in addition to ignoring element of notice in order to show cause.

3.  **Towns—Injunctions—Order Restraining Defendants from Exercising Rights of Office Pending Determination of Action Held Properly Entered.**

    In action to determine rights to hold office, of township supervisors, trial court properly issued order restraining defendants from exercising rights of office pending determination of action, in view of failure of affidavits presented to show any authority therefor.

4.  **Towns—Supervisors—Township Supervisor, Whose Term Was About to Expire, Together with Another Supervisor and an Elector, as Appointing Board, Had No Authority to Appoint Supervisor to Fill Alleged Vacancy.**

    Where township supervisor and supervisor, whose term was about to expire, met at office of township clerk, and, under

Rev. Code 1919, Secs. 6078, 6079, proceeded to make an appointment to fill alleged vacancy, calling in an elector of township to act with them as appointing board, person appointed to fill alleged vacancy had no claim to office.

Appeal from Circuit Court, Brule County; Hon. R. C. BAKEWELL, Judge.

Action by W. H. Schmalz and another against J. J. Scully and others. From an order having the effect of an injunction pendente lite, defendants appeal. Affirmed in part, and in part reversed, and remanded, with directions.

*Lauritz Miller* and *Fred D. Shandorf,* both of Mitchell, for Appellants.

*Brown & Brown,* of Chamberlain, and *Heck & Thorson,* of Kimball, for Respondents.

(1) To point one of the opinion, Respondent cited: State v. City of Huron, 23 S. D. 153; Bank v. Bliss, 10 S. D. 178; Dixson v. Dows, 92 N. W. 798.

MORIARTY, C. This action was brought by the respondents to determine their rights to hold the office of members of the board of supervisors of Willow Lake township, Brule county. The appeal is from an order having the effect of an injunction pendente lite. The facts material to the issues are as follows:

The respondents Schmalz and Yeager and the appellants Scully and Hoing were each and all regularly elected to the office of members of the said township board. The contention arises out of irregularities in the filing of their oaths of office. The election of these men was in each case "for the term of three years, or until his successor is elected and qualified."

Their respective dates of election and of filing oath of office were as follows: Scully, elected March, 1922, oath filed April 4, 1925; Yeager, elected March, 1923, oath filed April 3, 1925; Hoing, elected March, 1924, oath filed April 4, 1925; Schmalz, elected March 3, 1925, oath filed April 3, 1925. Schmalz was elected to succeed Scully, whose term was about to expire.

On March 28, 1925, Scully and Hoing met at the office of the township clerk, assuming that vacancies in the board existed because neither Yeager nor Schmalz had filed an oath of office. They also assumed that they had authority to act, under the pro-

visions of sections 6078 and 6079, R. C., in the matter of making appointments to fill these alleged vacancies. There was no justice of the peace in that township, and these appellants called in an elector of the township to act with them as an appointing board. This body proceeded to appoint the appellant Scully to succeed himself, and appellant Murely to fill the vacancy alleged to exist because of the failure of respondent Yeager to file his oath as required by law.

At the commencement of the action, the trial court entered an order citing appellants to show cause why they should not be restrained, during the pendency of the action, from expending any township funds or making any contracts on behalf of the township. At the time fixed for the hearing, the trial court entered the order appealed from. This order, in addition to restraining the appellants from doing the acts mentioned in the order to show cause, contained this further provision:

"And it is further ordered that the plaintiffs, W. H. Schmalz and Charles Yeager, be recognized as members of the board of supervisors of the said Willow Lake township, by these defendants and other persons interested during the pendency of this action, and that they may enjoy the franchises, offices, liberties, and privileges as members of such board of supervisors, until further order of the court."

[1, 2] While the question of continuing an injunctional order during the pendency of this action is addressed to the discretion of the trial court,, such discretion is a legal discretion and not an arbitrary one. The purpose of the intermediate order in cases of this class is to preserve the status quo. The mandatory clause above quoted exceeds that purpose, in addition to ignoring the element of notice contained in the order to show cause. In so far as this mandatory clause is concerned, the trial court abused its discretion.

[3] As to that portion of the order which is within the notice of the show cause order, and which merely preserves the status, the trial court did not err. The affidavits presented in answer to the show cause order fail to show any authority vested in the appellants Scully, Murley, and Hoing to expend township funds or make contracts on behalf of the township.

[4]   It is evident that Murley can have no claim whatever to the office of township supervisor.   As to the contention between the other claimants to that office, the record is not sufficient to present that question to this court until the case has been properly tried in the circuit court.

The order appealed from is affirmed, in so far as it restrains the acts of appellants, and reversed, in so far as it authorizes respondents to assume the powers of township supervisors.   The case is remanded, with instructions that the order appealed from be modified in accordance with this decision.   No costs will be taxed on this appeal.