SMITH, Respondent, v. REID, Appellant.

(244 N. W. 81.)

(File No. 7408.   Opinion filed August 30, 1932.)

*L. E. Waggoner* and *T. M. Bailey*, both of Sioux Falls, for Appellant.

*Odean Hareid* and *Blaine Simons,* both of Sioux Falls, for Respondent.

CAMPBELL, P. J.   Appellant, Alex Reid, has resided continuously in the city of Sioux Falls in this state (and formerly in Dakota territory) since 1883, excepting for one interval of temporary absence in 1885.   He was elected to the city council in 1890, and thereafter re-elected and served continuously as a member of that body until 1901.   Thereafter he was superintendent of streets of said city for a period of approximately eighteen years.   Prior to April, 1923, the city of Sioux Falls had adopted the commission form of government, and in April, 1923, respondent, Smith, was elected city commissioner for the term of five years.   In April, 1928, respondent, Smith, was a candidate for re-election, and appellant, Reid, among others, was a candidate against him, and ultimately defeated Smith for the office by approximately one hundred votes.   Reid, being declared elected city commissioner as the result of the 1928 election, qualified and took possession of the office; Smith surrendering the same without contest, protest, or question.   Appellant, Reid, was born in Scotland in 1856 and came to the United States in 1880, and to Minnehaha county, Dak., in 1883.

On December 14, 1931, respondent, Smith, claiming recently to have ascertained that Reid had never become a citizen of the United States, made demand in writing upon Reid for the surrender of the office of city commissioner in the following form:

"To Alex Reid, Sioux Falls, South Dakota.

"As the duly elected and qualified commissioner of the city of Sioux Falls, South Dakota, and whose place on the City Commission you have usurped and now unlawfully hold because you are not a citizen of the United States, I herewith demand that you forthwith vacate said office and return it to me as its rightful and lawful incumbent.

"[Signed]   Ellis O. Smith.

"Dated December 14, 1931."

—it being the position of Smith that Reid, as an alien, was disqualified to hold the office and that he (Smith) held over from his election in 1923.

Reid refusing to surrender the office upon such demand, Smith instituted proceedings against him by civil action in the nature of quo warranto in the circuit court of Minnehaha county, which resulted in findings, conclusions, and judgment against Reid and in favor of Smith. The conclusions of law of the learned trial court were as follows:

"1. That the petitioner, Ellis O. Smith, was duly elected City Commissioner of the City of Sioux Falls, Minnehaha County, South Dakota, the 24th day of April, 1923, and that he duly qualified for such office and entered upon the duties of the same and continued to hold the said office and discharge the duties thereof until the same were assumed by the said Alex Reid, as set out in the findings herein.

"2. That by reason of the fact that the said Alex Reid was never and is not now a citizen of the United States he was disqualified to hold the office of City Commissioner, and the said Ellis O. Smith was entitled to hold the said office until his successor was duly elected and qualified and he is now entitled to hold the said office.

"3. That the plaintiff, Ellis O. Smith, is entitled to judgment ousting the said Alex Reid from the said office of Commissioner of said City of Sioux Falls, and requiring the said Alex Reid to surrender said office, its powers, privileges, franchises and emoluments, to the said plaintiff and petitioner, Ellis O. Smith."

The judgment, after the customary preliminary recitals, provided that it was "ordered, adjudged and decreed that the Petition for a Writ of Quo Warranto herein should be, and the same is hereby granted; and the said defendant and respondent Alex Reid is hereby ousted and excluded from the said office of Commissioner of the City of Sioux Falls, its powers, privileges, franchises and emoluments. And it is further ordered and adjudged that the plaintiff, Ellis O. Smith, is, and has been since the 24th day of April, 1923, entitled to the said office by virtue of the election alleged in the petition of Ellis O. Smith for a Writ of Quo Warranto, and entitled to the franchises, privileges and emoluments thereof; and that he have and recover of the defendant Alex Reid, the sum of $——— as costs in this action, to be inserted by the Clerk of this Court."

From that judgment, appellant, Reid, has appealed to this court. Prior to the appeal, Reid moved in the court below "that proceedings be stayed, pending presentation of motion for new trial and appeal, and that the court fix the amount of the undertaking under the provisions of section 3158, R. C. 1919."

The statutory provision invoked by such application below reads as follows: "If the judgment appealed from direct the doing of any particular act or thing, and no express provision is made by the statute in regard to the undertaking to be given on appeal therefrom, the execution thereof shall not be stayed by the appeal therefrom unless an undertaking be entered into on the part of the appellant, in such sum as the court, or presiding judge thereof, shall direct, and by at least two sureties, to the effect that the appellant will pay all damages which the opposite party may have sustained by not doing the particular act or thing directed to be done by the judgment appealed from, and to such further effect as such court or judge shall in his discretion direct." Section 3158, R. C. 1919.

The learned trial judge, entertaining the view that he had no power or authority to stay proceedings pending appeal, denied the application, and in that connection he said:

"The court is of the opinion that under the case of Fylpaa v. Brown County, 6 S. D. 634, 62 N. W. 962, and under In Re Mee, 45 S. D. 303, 187 N. W. 540, the judgment in this case would be self-executing, under the authority of the above named cases, and would not be one of the cases where our statutes contemplate a stay of execution could be granted, and that this court has no discretion in the matter. * * *

"I think I might say to you men that if the court felt that it had discretion to stay proceedings pending an appeal, it would grant a stay of proceedings."

Thereafter appellant promptly perfected his appeal from the judgment and immediately moved in this court, upon order to show cause, for an order of this court "staying all proceedings in the above entitled matter pending the court's determination upon the merits of the appeal hereinbefore perfected, and preserving the status quo therein until said appeal shall be finally determined." Such application to this court was resisted by respondent, and the

matter, having been submitted by oral argument of counsel and memoranda briefs, is now for our disposition.

Appellant invokes the action of this court in the premises upon two theories:

First, appellant maintains that the learned trial judge should have fixed the amount of undertaking to stay proceedings pending appeal pursuant to section 3158, R. C. 1919, and, having refused so to do in the belief (mistaken, as appellant contends) that he had no such power, this court should act in the matter pursuant to section 3163, R. C. 1919, reading in part as follows: " * * * When the court, or the judge thereof, from which the appeal is taken or desired to be taken, shall neglect or refuse to make any order or direction, not wholly discretionary, necessary to enable the appellant to stay proceedings upon an appeal, the supreme court, or one of the judges thereof, shall make such order or direction."

Secondly, and independently of his first contention, appellant urges that this court, in aid of its appellate jurisdiction, has an inherent power in all cases appealed to it to stay proceedings below and in its discretion to make any and all orders or issue any writs necessary to preserve the status quo of the parties pending the appeal, and that the circumstances are such that this court, as a matter of discretion, ought to make such order in this case.

If either position of appellant is well taken he is entitled to prevail on the present motion, and any determination of the validity of the other position becomes unnecessary. Inasmuch as we are of the opinion that appellant is right in his second contention, the present application is ruled by that view, and we need not undertake to determine in this case the rather serious question of whether or not the court erred in its pronouncement as to a "self-executing judgment" in the Fylpaa Case.

▪ Thus specifically refraining from deciding the first point raised by appellant, we turn to the consideration of his second contention. We believe that appellant is right in his position that this court has an inherent power, in furtherance of the effective exercise of its appellate jurisdiction, to preserve the status quo of parties litigant pending appeal. Our statutes with reference to stay pending appeal relate entirely to the power and authority of

the trial court. Over and above that power, there is, we think, the inherent discretionary power of the appellate court, above referred to, which power the Legislature has never attempted to limit, if indeed it could be subject to legislative impairment. This court specifically announced the existence of that power in Gamet v. Allender (1926) 50 S. D. 150, 208 N. W. 782. In Mee v. Hirning (1922) 45 S. D. 303, 187 N. W. 540, the court tacitly assumed the existence of such power without affirmatively declaring it, but upon review of the facts held that it ought not there to be exercised. In Brookfield v. McClenahan (1930) 57 S. D. 520, 234 N. W. 19, we again assumed, without affirmatively deciding, the existence of the power, but held that we would not exercise it in a case where supersedeas might have been fixed by the circuit court but no application therefor had been made below. Not only has the Legislature of this state made no attempt to limit the inherent power of this court to issue such writs and orders as circumstances may require in aid of its appellate jurisdiction, but such power has been specifically recognized by section 2105, R. C. 1919, reading as follows: "Its original jurisdiction extends to all writs which by law may issue from this court, and to all writs necessary to the exercise of its appellate jurisdiction."

The existence of such power in an appellate court seems quite generally recognized upon the authorities.

"An appellate court has inherent power to order a stay of proceedings in the trial court touching any matter of appeal upon such terms as to security, etc., as the appellate court may prescribe; this power is sometimes conferred, recognized and regulated by statute. This power may be exercised in all cases when necessary to preserve the status quo pending appeal, so that the rights involved in the appeal may not be lost or reduced by reason of an intervening execution of the judgment, and in cases not expressly provided for by statute." 24 Standard Encyc., Procedure, p. 484.

"The injunction being dissolved, the appeal cannot revive the process or give it force. It cannot be revived but by a new exercise of judicial power. Hoyt v. Gelston, 13 Johns. 140; Wood v. Dwight, 7 Johns. Ch. 295; Hart [& Hoyt] v. Mayor of Albany, 3 Paige, 381. It is, in effect, the granting of a new injunction. It is said that this is an original exercise of judicial power; and

unquestionably it is so. It is thereupon objected that this is a mere appellate tribunal, and cannot exercise such power. The consequence does not follow. It may not exercise original power in acquiring jurisdiction over the cause. But that jurisdiction once regularly obtained, this court may exercise original jurisdiction over the parties, especially when the proceeding is in rem, and the object of the order is to maintain unchanged, as far as practicable, the status or condition of the subject matter of the controversy during the pendency of the suit. It is on the same principle upon which a court of common law, in an action of ejectment or dower will make an order upon the party in possession, restraining the commission of waste. And a Court of Equity, prior to the hearing or argument, will, upon the same principle, grant a temporary injunction until the case can be heard. It is an inherent power in all superior tribunals, essential to the attainment of the object of litigation and the ends of justice. I am of the opinion, therefore, that this court must of necessity have the power to make the order applied for." Doughty v. Somerville & Easton R. R. Co., 3 Hal. Ch. (7 N. J. Eq.) 629, 51 Am. Dec. 267.

See, also, 3 C. J., "Appeal and Error," §§ 1408-1410; Union, etc., Co. v. Felsenthal Land & Townsite, 84 Ark. 494, 106 S. W. 676; Central, etc., Bank v. Guthrie Mountain Portland Cement Co., 83 Kan. 630, 112 P. 332; Home Fire Ins. Co. v. Dutcher, 48 Neb. 755, 67 N.W. 766; Carson v. Jansen, 65 Neb. 423, 91 N.W. 398; Hart v. Albany, 3 Paige Ch. 381, 3 L. Ed. 197; Fleischmann v. Mengis (Sup.) 118 N.Y.S. 671; Ex parte Epley, 10 Okl. 631, 64 P. 18; Livesly v. Krebs Hop Co., 57 Or. 352, 97 P. 718, 107 P. 460, 112 P. 1; State ex rel Barnard v. Board of Education, 19 Wash. 8, 52 P. 317, 40 L. R. A. 317, 67 Am. St. Rep. 706; Northwestern Improvement Co. v. McNeil, 98 Wash. 1, 167 P. 115; Levy v. Goldberg, 40 Wis. 308; Janesville v. Janesville Water Co., 89 Wis. 159, 61 N. W. 770; Farmers' State Bank v. Haun, 29 Wyo. 322, 213 P. 361; Rogers v. Santa Cruz County, 158 Cal. 467, 111 P. 357.

The status quo of the parties when the present appeal was taken was this: There was a judgment declaring respondent, Smith, entitled to the office. Appellant, Reid, was still in actual possession of the office, as at least a de facto officer, and exercising the functions thereof. Regardless of any technical questions of

stay of proceedings, or self-executing judgment, we think that this court has full power and authority pending this appeal to keep that situation as it is. Proceedings in the nature of quo warranto as here undertaken constitute a civil action. Section 2781, R. C. 1919 (as amended by Laws 1919, c. 289, § 1). There is not as yet any final judgment between the parties, and the action is still pending, and since the taking of the appeal it is pending in this court.

"An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment be sooner satisfied." Section 2101, R. C. 1919. See, also, Kirby v. Circuit Court of McCook County (1897) 10 S. D. 38, 71 N. W. 140.

Under those circumstances, the action being now pending in this court, and the court having jurisdiction of the subject-matter and of the parties, we are firmly convinced that this court has ample authority to say to the respondent, Smith: Leave matters in their present condition pending this appeal. Hold the judgment which you have (and which is declaratory of your legal rights) subject to the affirmance or reversal of this court when it comes up for consideration on the merits. Meantime, defer the actual exercise of your legal right as now declared by the court below, from which declaration an appeal has been duly perfected. Do not take any steps, by invoking the aid of any court or tribunal in any manner or form of procedure whatsoever, or otherwise, to render your judgment more effective or more operative as between yourself and Reid than it presently is, and do not take any steps or proceedings of any kind or nature in an effort, pursuant to that judgment, to put Reid out of the office of which he now has actual physical possession, or to put yourself therein.

Appellant, Reid, has resided in Sioux Falls since 1883. He appears to have been active in affairs, and for much of the time since 1890 has held elective public office or appointive position in that city. He appears to have exercised the rights and privileges of American citizenship unchallenged in the same community for more than forty-seven years most openly and notoriously. He was the choice of a majority of the electors for the office, the functions of which he now performs. No question as to his qualifications was raised at the time of the election, and respondent, Smith, surrendered the office to him after the election. The question of lack

of citizenship was not raised until Reid had served approximately three years and eight months of a five-year term, and, when raised, it was based and predicated chiefly upon the records, or lack of records, of the office of the clerk of courts in Minnehaha county, S. D., which have been as open to public examination for many, many years as they were in December, 1931. Each of these parties claims to be entitled to the office which Reid now in fact occupies and exercises. Both cannot occupy the office and exercise its functions pending the appeal and the ultimate decision of the controversy between them. The legal right of the parties will not be finally adjudicated until the determination of the appeal. If respondent, Smith, now entered upon the exercise of the office and the judgment appealed from should be reversed, appellant, Reid, would be reinstated, and there would have been within a short period of time two changes in the administration of the office, which manifestly would not be for the best interest of the public. On the other hand, if Reid continues to exercise the functions of the office pending the appeal his acts will be good as to third persons, at least as a de facto officer. If the judgment appealed from should be reversed, there will be no change in the office. If the judgment appealed from should be affirmed, Smith will have been prevented for a brief additional period from exercising a legal right which he himself neglected to ascertain and assert during a period of nearly four years. His legal right to the office in the event of affirmance will date from the judgment of the court below, and his principal damage cognizable at law will be the emoluments of the office during the period that the actual exercise of his legal right was deferred after the determination thereof by the court below. His rights in that regard will not be affected by the stay of proceeding, and can be fully protected by conditioning the stay upon the giving of an adequate undertaking by appellant, Reid.

Under all the circumstances, considering both the public interest and the position of the parties litigant, we share the view expressed by the learned trial judge that this is a case where proceedings ought to be stayed and the actual operative effect of the judgment appealed from deferred pending the appeal. We are therefore of the opinion that this is a proper case for exercising the inherent discretionary power of this court to preserve the status quo pending the determination of the appeal, and the order

of this court will be that all proceedings of any kind or character upon the judgment below be stayed pending the determination of this appeal (or the further order of this court), and that respondent, Smith, refrain from interfering with or in any manner disturbing the present situation as between the parties to said judgment pending the determination of said appeal (or until the further order of this court). Such order shall not continue in force for more than ten days after entry thereof unless appellant within said ten-day period shall file with the clerk of this court an undertaking with sureties approved by the clerk of the circuit court of Minnehaha county in the sum of $3,000, conditioned for the payment of any damages which respondent may suffer by reason of such stay, in the event the judgment appealed from is ultimately affirmed by this court. If such undertaking is furnished, then the stay order shall automatically (and without other or further order) be and continue in full force and effect pending the appeal (or the further order of this court).

POLLEY, WARREN, and RUDOLPH, JJ., concur.

ROBERTS, J. (dissenting). I dissent from the opinion of the court, and the importance of questions involved impels me to state my reasons for dissenting. The plaintiff instituted this action under the provisions of section 2781-2797, Rev. Code of 1919, as amended by chapter 289, Session Laws of 1919, which provide that the remedies formerly obtainable by writ of quo warranto and proceedings in the nature of quo warranto may be obtained by civil action under the provisions of these sections, to determine his right or title to the office of city commissioner. The source of these provisions is found in sections 347-364 of the Code of Civil Procedure adopted by the Territorial Legislature of 1867-68. This territorial Code was founded upon the Code of Civil Procedure of the state of New York.

Sections 2787, 2788, 2789, and 2792, are identical with the original enactment. Section 2788 reads as follows: *"Claimant Takes Office, When.* If the judgment be rendered upon the right of the person so alleged to be entitled, and the same be in favor of such person, he shall be entitled, after taking the oath of office and executing such official bond as may be required by law, to take upon himself the execution of the office; and it shall be his duty

immediately thereafter, to demand of the defendant in the action all the books and papers in his custody, or within his control, belonging to the office from which he shall have been excluded."

The court in Welch v. Cook, 7 How. Prac. (N. Y.) 282, construed the effect of sections 437, 438, and 441, Code of Civil Procedure (our sections 2788, 2789 and 2792). Therein the court said: "The counsel for Mr. Cook insists that the judgment has no such effect; that it only establishes the fact that Cook is not entitled to the office, and that Welch is; and that the judgment must be executed by some process or mandate of the court before Cook is ousted or Welch put in. This is an important question in the case, as will be seen when we come to consider the effect of the appeal from the judgment. * * * The statute therefore is, if judgment be rendered upon the right of the party, &c., he shall be entitled, upon taking the oath and executing the bond, to take upon himself the execution of the office, and it makes it his duty immediately thereafter to demand of the defendant the books and papers belonging to the office from which he shall have been excluded. From which he shall have been excluded by what? The statute itself furnishes the answer; for it speaks of nothing but the rendition of the judgment, and gives to the party entitled to the office, upon the rendition of the judgment, the right at once to take upon himself the execution of the office, on taking oath and filing his bond. This view of the statute is greatly strengthened by the omission of the legislature to provide for any process upon the judgment, or other proceeding to remove the usurper and install the party entitled."

The holding in Welch v. Cook, supra, was followed in People v. Conover, 6 Abb. Prac. (N. Y.) 220. The Court of Appeals of New York in McVeany v. Mayor, et al, 80 N. Y. 185, 36 Am. Rep. 600, reaffirmed the holdings in the Welch and Conover Cases. This was an action to recover the salary of the office of assistant alderman. The plaintiff introduced in evidence the judgment roll in an action brought on his relation in the nature of a quo warranto against one Peter Culkin, which adjudged McVeany entitled to the office. Therein the court said: "He did not move the courts to aid him in getting the actual possession of his seat on the board. It did not need, so far as Culkin was concerned, that he should. The rendition of a regular judgment of ouster, against an intruder

into a public office, actually puts him out of the office and excludes him therefrom, and the person adjudged entitled to it, upon taking the oath of office and giving bonds if any are required by law, becomes eo instanti invested with the office. (Welch v. Cook, 7 How. Prac. 262; People v. Conover, 6 Abb. Prac. 220.) There is no provision, either in the Revised Statutes or in the Codes, for the issuing of any process, or taking any other proceeding upon the judgment, to remove the usurper from office and place the party entitled thereto in possession; and none is required."

When a judgment in quo warranto is rendered against an incumbent and in favor of the plaintiff, the latter is invested with the office by force of statute. Section 2788, Rev. Code of 1919, imposes no other condition than the rendition of the judgment upon his right to qualify for the office. This right is not withheld by reason of the provisions of section 2101, Rev. Code 1919, which provides that an action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied. Section 2560, Rev. Code of 1919, provides: *"Judgment, What Constitutes.* The rendition of a judgment is the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and the verdict or decision. It becomes a complete and effective judgment when reduced to writing, signed by the court, attested by the clerk and filed in his office."

Manifestly a reasonable construction of sections 2560 and 2101, when they are construed together, would not permit of the interpretation that the effect of a judgment is suspended until final determination upon appeal or the expiration of the statutory period for appeal. An appeal from a judgment suspends its force as a conclusive determination of the rights of the parties, and a stay of proceedings consequent upon appeal, if the judgment is of a nature to be actively enforced by execution or otherwise, is limited to the enforcement of the judgment, and does not delay or impair its character. Dulin v. Pacific Wood & Coal Co., 98 Cal. 304, 33 P. 123.

"It is an invincible presumption of the law that a judicial tribunal, acting within its jurisdiction, has acted impartially and honestly, and the integrity and value of the judicial system, as an

institution for the administration of public and private justice, rests largely upon this principle. Akin to this principle is the important one that a presumption lies in favor of the integrity of the proceedings of any court of general jurisdiction. When such a court acts within its jurisdiction every presumption is in favor of its judgment." 15 R. C. L. 875, 876.

Justification for the enactment of the provisions of statute making the rendition of a judgment of the circuit court operative as an ouster from office, without speculating upon the possibility of a reversal, could be readily advanced upon grounds of expediency and public policy. The policy of legislation, however, is not our concern. It is for the Legislature to enact a law, and the function of the courts is to give effect thereto if it contravenes no constitutional provision.

In Fylpaa v. Brown County, 6 S. D. 635, 62 N. W. 962, 963, this court considered the effect of a judgment rendered in an election contest, which is akin to a judgment in quo warranto, upon the right of recovery of salary after entry of such judgment. In discussing the question, Judge Fuller, speaking for the court, said: "A final judgment of a court of general and competent jurisdiction is always presumed to be right, and when the only question involved in a suit and determined by the court is the right to hold an office, its judgment is self-executing, except so far as the question of costs is concerned, and its force and effect is neither stayed, suspended, nor obstructed by an appeal therefrom. Plaintiff was entitled to hold the office, perform the duties, and receive the emoluments thereof as soon as Raymond's certificate issued by the board of county commissioners was nullified by the judgment, and ceased to be prima facie evidence of an election, and it immediately became his duty to turn over the office on demand, as soon as plaintiff had taken the oath of office and filed the bond required by statute."

Concisely stated, the court held that a person who receives a certificate of election to an office of which he gets possession ceases to be an officer de facto from the time of judgment of ouster, except in respect to the rights of third persons who deal with him in his assumed official capacity. It is pointed out that no further proceeding or writ is necessary to put the officer de jure into legal

possession of the office, and a payment by the county to the de dacto officer, after notice or knowledge of the judgment of ouster, does not protect the county from the payment of salary to the officer de jure. It was the defense of the county that compensation is always incident to occupancy, and that a county is not placed in peril of paying a salary a second time and deciding who is legally entitled thereto.

The following authorities are in point and sustain the view that a judgment in quo warranto proceedings is self-executing; Foster v. Kansas, 112 U. S. 201, 5 S. Ct. 8, 28 L. Ed. 629; People v. Stephenson, 98 Mich. 218, 57 N. W. 115; People v. Reinberg, 263 Ill. 536, 105 N. E. 715, L. R. A. 1915E, 401, Ann. Cas. 1915C, 343; Allen v. Robinson, 17 Minn. 112 (Gil. 90); Caldwell v. Wilson, 121 N. C. 480, 28 S. E. 554, 61 Am. St. Rep. 672; Fawcett v. Sup. Court, 15 Wash. 342, 46 P. 389, 55 Am. St. Rep. 894; State ex rel Lewis v. Marion County Commissioners, 14 Ohio St. 515.

The Supreme Court of Oklahoma appears to have adopted a contrary rule. In Palmer v. Harris, 23 Okl. 500, 101 P. 852, 855, 138 Am. St. Rep. 822, the court, alluding to a prior decision adopting such rule, makes this comment: "There can be no doubt that the order of the trial court staying the judgment to the extent that it stays the execution for costs, is within the rule in Re Epley, but it is urged by plaintiff that said judgment of ouster, to the extent that it declares him to be the duly elected commissioner and ousts defendant, is self-executing, and cannot be stayed. The Supreme Court of the territory, in announcing the doctrine in Re Epley, supra, that in all cases where the statute makes no provision for a supersedeas or stay of judgment, the trial court may, in the exercise of its discretion, allow a supersedeas or stay, followed and adopted the rule of the Supreme Court of Nebraska. The Supreme Court of that state in following this rule has recognized no distinction in the application thereof between judgments that are self-executing and those that are not self-executing. * * * The writer of this opinion, however, cannot say, after a careful investigation of the authorities, that he is not impressed that the better reasoning and the weight of authorities is to the effect that self-executing judgments cannot be stayed unless especially authorized by statute. But, as before stated, the rule adopted by the Supreme Court of

the territory in Re Epley, following the rule of the Nebraska court, authorizes the trial courts in their discretion to allow a supersedeas in any case. We do not feel that we would be justified in disturbing the rule of practice which the observance of the rule of that case by both the bench and bar in this jurisdiction for the past 8 years has established."

The law of this state has been settled and determined to the effect that a judgment which is self-executing cannot be suspended pending appeal. Flypaa v. Brown County, supra; Mee v. Hirning et al, 45 S. D. 303, 187 N. W. 549; State v. Carlson, 37 S. D. 231, 157 N. W. 657. The weight of authority is to this effect; a judgment which is of a nature not to be actively enforced by execution or otherwise, but is self-executing, is not within statutes similar to those in force in this state, as there is nothing upon which a stay can operate in such case. See 3 Corpus Juris, "Appeal and Error," § 1400, and cases there cited.

Section 3158, Rev. Code 1919, under which appellant contends that the trial court should have granted a stay of proceedings, was not designed to reverse, suspend, modify, or impair the judgment, but merely to stay its enforcement pending an appeal. I am of the view that the trial court correctly ruled that he was without authority to fix the amount of an undertaking for the purpose of staying the effect of the judgment.

It is contended by counsel for the appellant that, if the trial court was without authority to grant the application, this court possesses inherent power to preserve the status quo of the proceedings pending appeal, although no statutory provision is made for stay or suspension of judgment by this court. I have no doubt that in a proper case this court, in aid of and to preserve its appellate power, has an inherent power to order a stay of proceedings in the trial court touching any matter of appeal upon such terms as this court may prescribe. However, in the instant case there are no proceedings to be stayed if effect is to be given to the positive provisions of statute. The rendition of the judgment constituted an ouster, and gave the right to the plaintiff to qualify for the office.

The only question involved in this proceeding is the right or title to a public office. It is well settled that an office is not the

property of the incumbent, but is a public trust, not held by contract, and to or in which the officer has no vested right. Conceding that the inherent power of this court in a proper case extends beyond the stay of the enforcement of a judgment in preserving the status quo of the parties, the facts here presented do not call for the exercise of such extraordinary power. No showing is made that action by this court to enjoin the plaintiff from performing the duties of the office is necessary to avert some threatened injury to the public. As between the parties to this action there is no sufficient showing in my opinion, if such inherent power exists in this court and upon the assumption that the application is within the scope and purpose of relief to preserve the status quo, requiring or permitting its exercise with respect to the occupancy of a public office, in view of the clear and positive declaration of the Legislature upon the effect of a judgment in quo warranto. Under the statutes of this state and the rule announced in the Fylpaa Case, the judgment in the instant case clearly effects an ouster from office, and it is doubtful, to say the least, whether the vesting of the defendant with the duties of the office pending appeal constitutes the exercise of a power to preserve the status quo of the parties. Schmalz v. Scully, 49 S. D. 424, 207 N. W. 221.

Counsel for the appellant also contends that relief may and should be granted under the general superintending control of this court over inferior courts. The scope and extent of section 2, art. 5, State Constitution, vesting such power in this court, are comprehensive. It is clearly apparent that the exercise of such power is vested in this court for the purpose of controlling the course of litigation in inferior courts, but only under extraordinary circumstances where a party litigant, by some wrong committed by the court, will suffer irreparable injury. In City of Huron v. Campbell, 3 S. D. 309, 53 N. W. 182, 184, referring to this constitutional provision, this court said: "This provision materially enlarges the powers of otherwise only appellate courts, and enables them, by means of their various writs, prerogative and remedial, to control and correct the decisions of inferior courts in special cases, and prevent injustice and irreparable injury. When the circumstances demand an immediate review, the case is urgent, and an appeal will not afford an adequate remedy."

The superintending power has not been invoked by the application before us. Without regard to the question of instrumentalities or forms for its exercise, the granting of the application does not operate to correct an error of the trial court or to command such court to perform its duty, and consequently does not constitute a superintending control over that court.

The application should be denied.