Harold HAALAND, J. W. Mueller, Otis K. Schlak, Herbert Adam, Henry Severson, Marion Swanson, Gretha Hooke, Richard Pederson, Marion Rearick, B. K. Holum, Emil Sitz, John Dethloff and Kyle Miller, Plaintiffs and Respondents,

v.

VERENDRYE ELECTRIC COOPERATIVE, a corporation, "Rusty" Melford Hanson as its manager, Lawrence Erickson, Glenn Pace, Leon Birdsall, Nels Solheim, Axel Kongslie, Frank Bruner, Leonard Smestad, Leslie M. Pederson and Myron Shook, acting Directors of said corporation, Defendants and Appellants.

No. 7483.

Supreme Court of North Dakota.

Nov. 18, 1954.

Ilvedson, Pringle & Herigstad, Minot, and Heringer, Nelson & McClintock, Rugby, for applicants.

Waldron & Kenner, Minot, for respondents.

PER CURIAM.

This is an original application to the supreme court wherein the defendants and appellants ask this court to issue an order staying execution of a judgment entered

against the defendants on September 21, 1954, and staying all proceedings thereunder.

This litigation is in the form of a summary proceeding maintained and determined under the provisions of Section 10–0518, NDRC 1943:

"Upon the application of any person or body corporate aggrieved by any election held by any corporate body, or any proceedings thereof, the district judge of the judicial district in which such election is held must proceed forthwith summarily to hear the allegations and proofs of the parties or otherwise inquire into the matters of complaint, and thereupon to confirm the election, order a new one, or direct such other relief in the premises as accords with right and justice. Before any proceedings are had, five days' notice thereof must be given to the adverse party or those to be affected thereby in such manner as the court may direct."

After a trial had on June 28, 1954, judgment was entered pursuant to the order of the trial court determining these things: an attempted amendment of the bylaws by the board of directors on April 19, 1954, abolishing proxy voting was null and void and the old section of the bylaws permitting proxy voting was valid and subsisting. It was held that at the annual stockholders meeting on June 3, 1954, the declared election of nine directors of the corporation is null and void ab initio and of no force and effect and those directors are ousted from office. It was further determined that certain other persons had been elected directors at the annual meeting. The judgment was declared to be self-executing.

On September 22, 1954, on application by counsel for the defendants, the trial court entered an order staying all proceedings on the judgment for a period of thirty days from the date of the entry of the order and setting the amount of the stay bond at $250. The defendants served and filed an appeal bond and undertaking on appeal.

The record on appeal is in the course of being perfected. On October 16, 1954, the trial court denied a motion to further extend the stay of proceedings and execution of the judgment; whereupon the defendants, on October 18, 1954, applied for an order to show cause directed to the plaintiffs why their application for a stay by this court should not be granted. We stayed all proceedings temporarily and heard the parties through their respective counsel on both briefs and oral argument.

It is contended by the plaintiffs and respondents that the judgment is self-executing; that there is no statutory provision for the stay of such judgment by supersedeas or otherwise; and that the supreme court has no jurisdiction or power to interfere with the operation of the self-executing judgment pending appeal. It is further contended that, if it should be determined that the supreme court does have power to stay further proceedings, the supreme court in the exercise of its judicial discretion should not under the circumstances here presented grant a stay or otherwise interfere with the effectiveness or operation of the judgment pending appeal.

The first question to be decided is whether we have any specific statute under which the appellants are entitled to a stay of the execution of the judgment appealed from. It is urged that the statute most nearly applicable to the situation in this case is Section 28–2716, NDRC 1943, which provides:

"If the judgment appealed from directs the doing of any particular act or thing and no express provision is made by statute in regard to the undertaking to be given on appeal therefrom, the execution thereof shall not be stayed by the appeal therefrom unless an undertaking is entered into on the part of the appellant, in such sum as the court shall direct, and by at least two sureties, to the effect that the appellant will pay all damages which the opposite party may have

sustained by not doing the particular thing or act directed to be done by the judgment appealed from and to such further effect as such court in its discretion shall direct."

The judgment in this case seems to have been carefully drawn so that it does not direct the doing of any particular act or thing. Without declaring that anything shall be done or shall not be done, it determines that a purported amendment to the bylaw is void and that the old bylaw is still in effect and that the election of the defendant directors is void and they are ousted. Certain plaintiffs are declared to be the directors of the Verendrye Electric Cooperative, Incorporated. It then provides:

"That the Judgment herein is declared to be self-executing and effective from and after the time of filing in the office of the Clerk of District Court of McHenry County, Towner, North Dakota."

■ We have reached the conclusion that this judgment is so worded that it does not fall within the provisions of Section 28–2716, NDRC 1943 and that the defendants are not entitled to a stay upon statutory grounds.

Our next question is whether this judgment is of such a nature that it cannot be stayed by an order of this court during the pendency of an appeal from the judgment. The respondents contend that this judgment is in the nature of a judgment in quo warranto and is self-executing and that a judgment in quo warranto may not be stayed. Putting aside for the moment the fact that this judgment was rendered in a summary proceeding specially provided for in Section 10–0518, NDRC 1943, above quoted, we turn to a brief consideration of quo warranto and our statutory actions in place of quo warranto provided by Chapter 32–13, NDRC 1943. In State ex rel. Sathre v. Roberts, 67 N.D. 92, 269 N.W. 913, 108 A.L.R. 37, this court declared that Section 7969 et seq.,

Complied Laws 1913 (now Chapter 32–13, NDRC 1943)

"providing that the remedies formerly attainable by writ of quo warranto, and proceedings by information in the nature of quo warranto, may be obtained by a civil action in the district court, does not abolish the said writ of quo warranto, or proceedings by information in the nature of quo warranto, but is cumulative and additional procedure accomplishing the same results by a civil action."

That case involved the right to the public office of county judge which was challenged in a quo warranto proceeding as distinguished from the statutory action. With respect to the proceeding in that case, this court said:

"A judgment in quo warranto proceedings of ouster from a public office divests the person ousted of all authority, is self-executing, and not suspended by an appeal bond or supersedeas."

This statement is in accordance with general authority. 3 Am.Jur., Appeal and Error, Section 565. It is applicable to quo warranto proceedings of ouster from a public office and is no authority for the contention that this court does not have power to stay a judgment rendered in the summary statutory proceeding provided by Section 10–0518, NDRC 1943.

■ We turn now to Chapter 32–13, NDRC 1943, which provides for civil actions in place of quo warranto. The first section of this chapter, 32–1301, states:

"The remedies formerly attainable by the writ of scire facias, the writ of quo warranto, and proceedings by information in the nature of quo warranto may be obtained by civil action in the district court under the provisions of this chapter and of chapter 14 of the title Corporations."

The statutory provision for the summary proceedings resulting in the judgment

against which this stay is sought is a part of Chapter 10 of the title, Corporations, and bears no relation to statutory proceedings provided by Chapter 32–13, NDRC 1943. The latter chapter specifically provides that the action contemplated by it will lie when any person shall usurp any office in a corporation created by the authority of this state, Section 32–1303. Judgment may be rendered in this proceeding upon the right of the defendant and also upon the right of the person alleged to be entitled to the office or only upon the right of the defendant. Section 32–1307, which obviously applies to a public office of the state or its subdivisions, provides that

"If judgment is rendered upon the right of the person alleged to be entitled to the office and the same is in favor of such person, he shall be entitled, after taking the oath of office and executing such official bond as may be required by law, to take upon himself the execution of the office, and it shall be his duty immediately thereafter to demand of the defendant in the action all the books and papers in his custody or within his power, belonging to the office from which he shall have been excluded."

That such a judgment is not completely self-executing is obvious from the reading of the next section, 32–1308:

"If the defendant refuses or neglects to deliver any of the books or papers demanded, as prescribed in section 32–1307, he is guilty of a misdemeanor, and the court, or a judge thereof, by order, may put the person entitled to the office in possession thereof and of all the books and papers belonging thereto, and any party refusing to deliver the same, when ordered as aforesaid, shall be punished as for a contempt."

Thus it appears that such a judgment is not self-executing to the extent that failure to comply does not subject the defendant to immediate contempt. It is not until the court or a judge thereof by order has put the person entitled to the office in possession that the party refusing to deliver possession shall be punished for a contempt. It should also be noted that the failure to vacate the office prior to demand is not made a misdemeanor but refusal to turn over all the books and papers in the custody or power of the defendant upon demand of the victor who has taken the oath and executed the bond required by law is punishable. It would seem that this provision is not applicable where an office in a private corporation is involved. 13 Cal.Jur.(2d), Corporations, Section 252; Foster v. Superior Court, 115 Cal. 279, 47 P. 58.

■ We call attention to these statutory provisions in order that they may be compared with the judgment, which it is contended is completely self-executing in the present summary procedure. They point to the conclusion that Section 10–0518, NDRC 1943, does not contemplate a non-stayable summary judgment.

In Smith v. Reid, 60 S.D. 128, 244 N.W. 81, 83, the court had before it a motion for an order of the supreme court staying all proceedings in the case and preserving the status quo until the merits could be determined on appeal. Reid had been ousted from the office of commissioner of the City of Sioux Falls in proceedings had pursuant to statutes which provided that the remedies formerly obtainable by writ of quo warranto and proceedings in the nature of quo warranto could be obtained by a civil action. Reid appealed but was denied a stay in the lower court. On application to the supreme court the stay was granted. The court said:

"We believe that appellant is right in his position that this court has an inherent power, in furtherance of the effective exercise of its appellate jurisdiction, to preserve the status quo of parties litigant pending appeal. Our statutes with reference to stay pending appeal relate entirely to the power and authority of the trial court. Over and above that power, there is, we think, the inherent discretionary

power of the appellate court, above referred to, which power the Legislature has never attempted to limit, if indeed it could be subject to legislative impairment. * * * Not only has the Legislature of this state made no attempt to limit the inherent power of this court to issue such writs and orders as circumstances may require in aid of its appellate jurisdiction, but such power has been specifically recognized by section 2105, R.C. 1919, reading as follows: 'Its original jurisdiction extends to all writs which by law may issue from this court, and to all writs necessary to the exercise of its appellate jurisdiction.' "

The following provisions of the North Dakota Constitution are pertinent:

"Section 86. The supreme court, except as otherwise provided in this constitution, shall have appellate jurisdiction only, which shall be co-extensive with the state and shall have a general superintending control over all inferior courts under such regulations and limitations as may be prescribed by law.

"Section 87. It shall have power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, injunction and such other original and remedial writs as may be necessary to the proper exercise of its jurisdiction, * * *."

Pursuant to the above quoted provisions of our constitution, the legislature has seen fit to provide:

Section 27-0204, NDRC 1943. "The supreme court may exercise appellate jurisdiction only, except when otherwise specially provided by law or by the constitution. Such court, in the exercise of its original jurisdiction, may issue writs of habeas corpus, mandamus, quo warranto, certiorari, and injunction. In the exercise of its appellate jurisdiction, and in its superintending control over inferior courts, it may issue such original and remedial

writs as are necessary to the proper exercise of such jurisdiction."

In State ex rel. Barnard v. Board of Education, 19 Wash. 8, 52 P. 317, 318, 40 L.R.A. 317, 67 Am.St.Rep. 706, charges were filed with the board of education of the City of Seattle seeking the removal of one Barnard as superintendent of schools. An application was made to the superior court for a writ of prohibition. That court after a hearing quashed the writ. Barnard appealed from the order quashing the writ and asked the trial court to fix the amount of a supersedeas bond. The trial court held that the stay would affect only the execution for costs and that the judgment could not be superseded. The board, which included a member who was objectionable to the appellant, proceeded to hear the charges. Pending the appeal the superintendent applied to the supreme court for an order of supersedeas. After holding that the appeal bond did not, under the Washington statutes, operate to suspend or supersede the judgment quashing the alternative writ, the court said:

"But we think that this court, in the exercise of its discretion, by virtue of its inherent powers as an appellate tribunal, can issue an order of supersedeas to preserve the status quo of the parties, pending the determination of the appeal upon its merits."

The court then quoted a constitutional provision empowering the court to issue certain writs " 'and all other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction' " Const. art. 4, § 4, and held that under this provision of the constitution "for the purpose of making that appeal effective, and to insure the complete exercise of this court over that appeal, it becomes necessary and proper to supersede the judgment, otherwise the right to appeal which the statute has given would be of no avail to the appellant, for if the board of directors in the meantime were to proceed to remove him, when the case finally reached this court on appeal it would have to be dis-

missed for want of merit, because the trial on merit would already have terminated."

It is clear to us that under the provisions of Section 87 of the North Dakota Constitution and Section 27-0204, NDRC 1943, this court has the power to issue such original and remedial writs as are necessary to the proper exercise of its appellate jurisdiction. This leads to the final questions as to whether the order or writ sought by the defendants and appellants falls within that category and, if it does, should we in the exercise of our discretion issue such a writ?

■ Black's Law Dictionary, Fourth Edition, defines "remedial" as "Affording a remedy; giving the means of obtaining redress. Of the nature of a remedy; intended to remedy wrongs or abuses, abate faults, or supply defects. Pertaining to or affecting the remedy, as distinguished from that which affects or modifies the right." A writ of this court which stays proceedings under a judgment in the court below and preserves the status quo as between the parties with respect to the controversy is clearly a remedial writ. The action in this court sought by the defendants and appellants seeks such a remedy pending the determination of the correctness of the judgment in an appeal to this court.

■ We revert again to the point that this judgment was rendered in a summary proceeding under a special statute. The proceeding is neither in quo warranto nor a statutory action in place of quo warranto under Chapter 32-13, NDRC 1943. It applies only to elections held by a corporate body or any proceedings thereof and the judge hearing the case may confirm the election, order a new one, or direct such other relief in the premises as accords with right and justice. There is no question that the action of the judge is reviewable in the supreme court on appeal. An unusual difficulty arises in this case from the form of the judgment rendered in the trial court. It determines that a certain purported amendment to the bylaws of the corporation is void; that the declared result of the election is void; that the directors that were declared to be elected were not elected at all but that certain other persons were actually elected. It does not direct that any act should be done by any of the parties nor does it prohibit the doing of any act. It thus escapes falling within any of our statutory provisions with regard to supersedeas. The judgment nevertheless declares itself to be self-executing. If that means, as the plaintiffs and respondents contend, that the board of directors declared by the court to be elected may immediately take over the control and operation of the corporation pending the appeal and the determination of the correctness of the judgment appealed from, it appears to us that, should the judgment be reversed, the appellants may be deprived of a part of the fruits of their successful appeal. Foster v. Superior Court, 115 Cal. 279, 47 P. 58. The new board would be in control of the corporation without surety and without assurance of being able or willing to adequately account for their stewardship. On the other hand, should the present board be permitted to continue in office pending the appeal under an adequate supersedeas bond, a proper accounting for their stewardship will be assured, should the judgment be affirmed. It is the object of the exercise of appellate jurisdiction by this court to assure ultimate justice as far as possible to the parties concerned. It is our opinion that this can best be done by the issuance of a writ by this court in aid of its appellate jurisdiction directing that all further proceedings in the court below be stayed under proper bond and that the declaration of the trial court that the judgment be self-executing be suspended in its effect until the determination by this court of the appeal on the merits.

It is therefore ordered that the present temporary order staying proceedings will continue in force for fifteen days after the date of filing this opinion. If within fifteen days the defendants and appellants file with the clerk of this court an undertaking in the sum of $2,000 conditioned

upon the payment of any damages which the plaintiffs and respondents may suffer by reason of a stay of proceedings and the preservation of the status quo between the parties, in the event the judgment appealed from is ultimately affirmed by this court, which undertaking shall be executed on behalf of the defendants and appellants by a surety company authorized to do business in this state or by at least two sureties who shall qualify as prescribed by Section 32–0201, NDRC 1943, a writ of supersedeas will issue staying enforcement of the judgment in conformity with this opinion.

MORRIS, C. J., and BURKE, SATHRE, JOHNSON, and GRIMSON, JJ., concur.